■ CENTRAL TRUST COMPANY, Respondent, v MONIQUE A. GARVIN, Defendant, and NANCY A. GARVIN, Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to appellant, Simons, J., not participating. Memorandum: Following the entry of a default judgment against appellant's husband, plaintiff proceeded to execute upon his interest in a home which was held by him and appellant as tenants by the entirety. Appellant subsequently moved for a stay of the execution upon the ground that she did not receive proper notice of the proposed sale pursuant to CPLR 5236. By virtue of the nature of the tenancy, appellant possessed a right of survivorship in the portion of the fee which belonged to her husband and which is the subject of the execution. This right, evidenced by the deed of the property to them, was clearly an interest "of record" within the scope of CPLR 5236 (subd [c]), thus entitling her to statutory notice pursuant to that section. The fact that appellant admittedly received actual notice of the proposed sale a mere six days prior to the date thereof did not operate to cure this defect. However, we find no merit to appellant's contention that even upon proper notice to her, plaintiff's execution on the property should be stayed pending its exhaustion of alternate remedies to satisfy the judgment. The record indicates that plaintiff's inability to effect alternate means of satisfying the judgment was due to the fact that despite continued efforts it was unable to locate appellant's husband who was apparently residing in California. Although the record is unclear as to whether the execution sale has taken place, the parties have indicated that appellant's husband's interest in the property has been sold. Accordingly, that sale should be vacated and a new sale rescheduled upon proper notice to the appellant. The second and third decretal paragraphs setting forth what interest in the property passes under the sale and the terms and conditions thereof are affirmed as is paragraph fourth. However, paragraph fifth is stricken because the papers on which the order is based should be filed. (Appeal from order of Monroe Supreme Court—Stay of execution of judgment.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.