OPINION OF THE COURT
Joseph Jaspan, J.
In this action plaintiff seeks to set aside an alleged fraudulent conveyance by defendant Paul Litke to his wife of his interest in real property owned by them as tenants by the entirety.
Pursuant to a contract dated December, 1974 (as modified in 1975) the plaintiff sold to the defendant Paul Litke his income tax preparation practice for the sum of $16,000.
On May 16,1977 the plaintiff commenced an action in the Supreme Court, Queens County, to recover the unpaid contract price. On October 4, 1977 a stipulation of settlement was entered into between Corbin and Paul Litke in which Litke agreed to pay plaintiff the sum of $18,000 in settlement of plaintiff’s claim.
Upon the defendant’s failure to make periodic payments as required by the settlement agreement, the plaintiff obtained a default judgment in the amount of $19,180 which was docketed on March 10, 1978.
In March, 1974 Paul and Concetta Litke purchased, as tenants by the entirety, real property located at 138 Geery Avenue, Holbrook, New York. That property was and continues to be the defendants’ residence.
On August 16, 1977, approximately three weeks before Paul Litke entered into the settlement agreement, he conveyed his undivided interest in the Geery Avenue property to his wife Concetta. The only consideration for the transfer of title was “Concetta Litke’s consent to attempt to resolve the marital dispute [which was pending at the time] and for the purpose to continued [sic] to reside together as husband and wife.”
*96 To date, defendant Paul Litke has failed to make any payments in settlement or reduction of the judgment against him.
By verified complaint dated March 21, 1979 the plaintiff demanded judgment: (1) Against the defendant Paul Litke for the further sum of $6,393.33, with interest, for attorney fees. (2) That the said” sale and transfer of the (Geery Avenue) property to Concetta Litke be set aside and declared utterly null and void. (3) That the defendants be restrained from selling or disposing of, or in any way encumbering, the said property. (4) For punitive damages in an amount to be determined by the court.
Section 273-a of the Debtor and Creditor Law provides that “Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.”
The court initially notes that the provisions of section 273-a are applicable in the instant case since an action was pending against Paul Litke at the time the conveyance was made and that the plaintiff subsequently obtained a final judgment against him.
The plaintiff now moves for summary judgment directing Concetta Litke to reconvey the property previously transferred to her by her husband.
Pursuant to section 272 of the Debtor and Creditor Law, fair consideration is given for property when (a) “in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied,” or (b) “[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.”
A conveyance by a husband to a wife upon her promise that she would seek to reconcile their differences and con *97 tinue to live with him is not fair consideration within the meaning of that section (see Rush v Rush, 19 AD2d 846; see, also, Bennett v Bennett, 62 AD2d 1154).
Nor can the transfer be justified by section 3-309 of the General Obligations Law.
That section provides that a “[hjusband and wife may convey or transfer real or personal property directly, the one to the other, without the intervention of a third person”.
This enactment was merely intended to abrogate the common-law rule that a conveyance between a husband and wife would not be sustained by a court of equity unless it was made upon valuable or meritorious consideration (Winans v Peebles, 32 NY 423; Dean v Metropolitan El. Ry. Co., 119 NY 540; cf. Lacks v Lacks, 39 AD2d 485, opp dsmd 32 NY2d 781, 939). But it was not intended to abrogate the common-law rule that a voluntary conveyance from a husband to a wife may not be made to defraud his creditors (Savage v Murphy, 34 NY 508; Neuberger v Keim, 134 NY 35).
The defendants, however, further contend that the fair consideration requirement of section 273-a is inapplicable to the instant conveyance since the property was exempt under the homestead exemption (CPLR 5206).
In their opposing affidavit, the defendants state “Specifically the Plaintiff offers no proof in this application or in his complaint that Paul Litke’s interest in the homestead property was valued in excess of ten thousand dollars above liens and encumbrances.” (Citing CPLR 5201, subd [b].)
In relevant part, CPLR 5201 (sub [b]) provides that a “money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment.” (Emphasis added.)
Exempt property is defined in CPLR 5205 (personal property) and CPLR 5206 (real property).
CPLR 5206 (as amd by L 1977, ch 181, eff Aug. 22. 1977) provides a homestead exemption for a residence “not *98 exceeding ten thousand dollars in value above liens and encumbrances.”
It provides (L 1977, ch 181, § 2), however, that: “This act shall take effect ninety days after it shall have become law [i.e., on August 22,1977], but shall not affect the application of property to the satisfaction of a money judgment for a debt contracted before it takes effect.” (Emphasis added.)
Thus, if the judgment against the homestead owner is based on a debt contracted prior to August 22, 1977, reference must be made to the provisions of CPLR 5206 as they read prior to the 1977 amendments. (6 Weinstein-KornMiller, NY Civ Prac, par 5206.27, p 52-195.)
At the time the debt in the instant case was contracted in December, 1974, CPLR 5206 (subd [a]) provided for a monetary exemption of only $2,000 without any provision that said amount was to be above liens and encumbrances.
In addition, to qualify for the homestead exemption there was a requirement that the owner designate the property as exempt pursuant to the provisions of CPLR 5206 (subd [b]).
Former subdivisions (a) and (b) read as follows:
“(a) Exemption of homestead. A lot of land with one or more buildings thereon, not exceeding two thousand dollars in value, owned and occupied as a principal residence by any person, and designated for that purpose, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for a debt contracted before the designation of the property, or for the purchase price thereof. But no property designated as an exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments.
“(b) Designation of exempt homestead. In order to designate property to be exempted as a homestead, a conveyance thereof, stating in substance that it is designed to be held as a homestead, exempt from application to the satisfaction of a money judgment, must be recorded, as prescribed by law; or a notice containing a full description of the property and stating that it is designed to be so held *99 shall be subscribed by the owner, acknowledged or proved, and certified, in like manner as a deed to be recorded in the county where the property is situated, and must be recorded in the office of the recording officer of that county, in a book kept for that purpose, and styled the ‘homestead exemption book.’ In those counties where the clerk of the county is not the recording officer, designations heretofore recorded in the office of the clerk of the county shall be transferred to the office of the recording officer of that county.”
In the instant case, the defendants would be at most entitled to an exemption in the maximum amount of $2,000 if and only if the Geery Avenue property was designated as a homestead in accordance with CPLR 5206 (subd [b]).
However, no proof has been presented to this court by defendants nor is any claim made that the property was so designated.
Further, the homestead exemption does not completely immunize the property to which it attaches. It merely applies, under the applicable statute, to the first $2,000 of realized value.
The conveyance from Paul Litke to his wife was fraudulent within the meaning of section 273-a of the Debtor and Creditor Law and it must be set aside. (Hohenrath v Wallach, 37 AD2d 248, opp dsmd 30 NY2d 674; see, also, Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, affd 48 NY2d 954; Crabb v Estate of Mager, 66 AD2d 20.)
Upon the reconveyance the lien of plaintiff’s judgment will attach to the interest of Paul Litke as a tenant by the entirety (See Hohenrath v Wallach, supra) — a right of survivorship under the existing marital relationship. (Central Trust Co. v Garvin, 55 AD2d 850.)
The plaintiff may pursue such further remedies to enforce the lien as is provided by CPLR article 52.
The defendant Concetta Litke is directed to execute a deed in proper form for recording reconveying to her husband Paul Litke the interest in the premises at 138 Geery Avenue, Holbrook, New York, previously conveyed to her by her husband by deed of August 16, 1977 and to deliver *100 same to plaintiff within 10 days after service of a copy of the judgment to be entered herein with notice of entry.
If the property has been encumbered since said transfer by any action of said defendant Concetta Litke, further application may be made to this court for appropriate relief.
Defendants are hereby stayed and enjoined from taking any action inconsistent with the determination made herein.
The plaintiff’s request for attorney’s fees is denied.
Section 276-a of the Debtor and Creditor Law permits the granting of attorney’s fees in a special proceeding to set aside a conveyance by a debtor only “where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law”. (Emphasis added.)
Actual intent to defraud is not an element of section 273-a and no such issue has been raised or determined on this motion.
The application for punitive damages is also denied.