**In re Edward RIZZO, Debtor.**

**In re Garret J. LEMON, Debtor.**

**Bankruptcy Nos. 79–24030, 81–20747.**

United States Bankruptcy Court,
W. D. New York.

July 27, 1982.

Relin & Goldstein, Rochester, N. Y., for trustee.

Bernstein, White & Bernstein, Rochester, N. Y., for debtor, Rizzo.

Edward Massare, Rochester, N. Y., for Joan LeMon.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

These two cases brought under Chapter 7 of the 1978 Bankruptcy Code are being considered together because they contain similar factual situations and legal questions. Each of these debtors are individual debtors, whose residences are held by the

entirety with their respective non-debtor wives. In each case, their trustee is the same, and he has moved for an Order authorizing him to sell both the interest of the bankruptcy estate and the interest of the co-owner in the residences pursuant to 11 U.S.C. § 363(h). The debtors oppose the sale of the property and their respective spouses have offered to pay for the non-exempt portion of their estates. The problem arising is how much of the bankrupt estates are non-exempt. In each case, the debtor has claimed the New York State exemption of $10,000. The trustee argues that the debtors be permitted to claim only half of the exemption, since their wives are entitled to the other half of the exemption.

The facts are as follows. In the Rizzo case, the debtor filed his petition on October 10, 1979 and was discharged on January 23, 1980. The debtor's primary residence is listed in Schedule B as 43 Little Briggins Circle, Fairport, New York. It has an appraised value of $53,000 subject to a mortgage held by Monroe Savings Bank on which there was due $17,900. Rizzo and his non-debtor wife own the property as tenants by the entirety. The debtor claims a $10,000 homestead exemption in the property pursuant to 11 U.S.C. § 522(b)(2)(A) and CPLR 5206.

The LeMon case was an individual proceeding under Chapter 7 filed on May 4, 1981 and the debtor was discharged on September 4, 1981. The debtor's schedule of assets lists a house located at 42 Colonmade Drive, Rochester, New York. The appraised value is $48,500, which is subject to a $12,000 first mortgage and a second collateral security mortgage of $8,000. The home is held by LeMon and his non-debtor wife as tenants by the entirety. The debtor, again, claims the $10,000 homestead exemption pursuant to 11 U.S.C. § 522(b)(2)(A) and CPLR 5206.

The trustee argues that there is a distinction between the language of the Federal exemption under 11 U.S.C. § 522(d)(1) and the State homestead exemption under CPLR 5206, and this affects how the exemption is calculated. His position is that the Federal exemption is deducted from the debtor's half interest in the entirety estate. The trustee argues that because of the language of the New York homestead exemption, the homestead exemption is deducted from the entire estate held by the entirety rather than the debtor's one-half interest in the estate. The effect of the trustee's argument would be to limit the $10,000 State homestead exemption in a single bankruptcy to a $5,000 deduction from the debtor's interest in real property which has become part of the estate in bankruptcy. The debtors oppose the trustee's position.

The one debtor's argument that 11 U.S.C. § 522(b)(2)(B) exempts all entirety property from the estate is not creditable because of 15 N.Y.Jur. Page 422 (see quote infra) and (*Hiles v. Fisher*, 144 N.Y. 306, 39 N.E. 337).

The wording of CPLR 5206, which provides the $10,000 homestead exemption in New York State, has posed interpretive problems for bankruptcy courts seeking to apply the exemption provisions of 11 U.S.C. § 522.

The cases at bar have in common a single issue which is at the heart of the interpretation problem. When a tenant by the entireties files in bankruptcy and elects the State homestead exemption, can that debtor elect only one-half the $10,000 exemption or the full $10,000 exemption against the debtor's equity in the property and can tenants by the entirety have available to them in the bankruptcy context a total of $20,000 in homestead exemptions.

CPLR 5206 reads in part as follows: (a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

It then proceeds to spell out various ways of owning property, none of which affects the problem at hand.

11 U.S.C. § 522(m) reads as follows:

(m) This section shall apply separately with respect to each debtor in a joint case.

■ The clear meaning of this provision is that in a joint case, the husband and the wife may each claim the exemption that State or Federal law grants to either of them. The question then becomes would a New York Court in a non-bankrupty case grant a judgment debtor a full $10,000 against the creditor seeking to levy on his home.

A tenancy by the entirety in New York State has been described in 15 New York Jurisprudence as follows:

Section 145 reads in part as follows: . . . The chief characteristic which distinguishes a tenancy by the entirety from a joint tenancy is its inseverability, whereby neither the husband nor the wife, without the assent of the other, can dispose of any part of the estate so as to affect the right of survivorship in the other. . . .

Section 163 reads in part as follows: The general rule is that upon the death of one of the spouses, the whole of an estate by the entirety survives to the other. The surviving spouse takes the estate, not by right of survivorship simply, or because of any law of descent, but by virtue of the grant which vested the entire estate in each spouse. . . .

Section 166 reads in part as follows: . . . In any event, the purchaser at an execution sale of a spouse's interest in an estate by the entirety takes subject to the other spouse's right of survivorship, and where the latter spouse survives the other, such spouse takes the entire property free from the lien of the judgment and the rights of the purchaser other than his rights to share in the rents, profits, and occupancy of the property which were

vested prior to the other spouse's death. Such a purchaser is not authorized to maintain partition against the wife. However, where the spouse against whom the judgment was rendered survives the other spouse, the judgment attaches to the whole property and the purchaser at the execution sale obtains an absolute title thereto.

■ The New York Courts have in a number of cases granted a judgment debtor a full homestead exemption against the efforts of judgment creditors to levy on the debtor's interest in the entirety. (See *Corbin v. Litke*, 105 Misc.2d 94, 431 N.Y.S.2d 800, *Central Trust Co. v. Garvin*, 55 A.D.2d 850, 390 N.Y.S.2d 344). Furthermore, only the debtor's interest in property may be levied upon under N.Y.Law. Therefore, the $10,000 exemption applies only to the debtor's interest in the property. However, it is not so clear as to whether a New York Court would grant both the husband and wife the full exemption, if one creditor got a judgment against both. But the answer to that question is not material to the case at bar, since in the bankruptcy context 11 U.S.C. § 522(m) provides the answer and is paramount to State law. New York law permits a $10,000 exemption to a debtor against his creditors. Therefore, 11 U.S.C. § 522(m) permits joint debtors to each claim a $10,000 exemption on their own estate, for an aggregate of $20,000 against the whole of their combined equity.

It would achieve little good to force married debtors to file separately to achieve the "fresh start" manifested in 11 U.S.C. § 522(m). Numerous cases have held that the Supremacy Clause of the Constitution and 11 U.S.C. § 522(m) require double exemptions even where State exemption law would prohibit it. (See *Cheeseman v. Nachman*, 4th Cir., 656 F.2d 60; *Emmerich v. Lampi*, Bkrtcy., 19 B.R. 660, 6 Coll. BK 583; *In re Ageton*, Bkrtcy., 14 B.R. 833). The only case appearing to hold the opposite is *In re Feiss*, Bkrtcy., 15 B.R. 825 and this Court chooses not to follow that case.

In the cases at bar, the exemptions for the value of the property in the estates should be figured as follows: in the Rizzo case, the value of the property is $53,000; deduct the cost of sale or $3,180; deduct the mortgage of $17,900 and this would leave equity of $31,920 which is divided equally between the husband and the wife. The amount of $15,960 goes into the husband's estate in bankruptcy. From this he is permitted to claim a $10,000 exemption leaving the value of the estate's interest at $5,960. The debtor's wife, Mrs. Rizzo, has made an offer of $4,000 for his interest in the property. Since under New York State law governing tenancy by the entirety, a purchaser of Rizzo's interest would only be entitled to the property if Mrs. Rizzo died first and since the assessing of value to real property is not an exact science, the offer of $4,000 for Rizzo's interest in the property made by his wife is acceptable.

In the LeMon case, the real property is worth $48,500. The cost of sale is $2,910. The mortgages are worth $20,000 which leaves the husband and wife an equity of $25,590. Splitting this between the two of them, the debtor would have $12,795 in his estate. From this, the debtor, Mr. LeMon, is permitted to deduct $10,000 leaving a value to the bankruptcy estate of $2,795. An offer in or near this amount should be acceptable to the trustee.

If the debtors' spouses do not wish to purchase the property, then the trustee, to get the value for the estate, should be permitted to sell the property under 11 U.S.C. § 363(h) and it is so ordered.