In re George FOX and Elizabeth Fox, Debtors.

Louis GALOFARO and Jean Galofaro, Plaintiffs,

v.

George FOX and Elizabeth Fox, Defendants.

No. Civ–82–1075T.

United States District Court, W.D. New York.

April 15, 1983.

Paul M. Aloi, Penfield, N.Y., for plaintiffs.

James W. Richards, Rochester, N.Y., for defendants.

## DECISION and ORDER

TELESCA, District Judge.

## INTRODUCTION

This is an appeal from a Decision and Order and a Chapter 13 Confirmation Order of the Bankruptcy Court for the Western District of New York (Edward D. Hayes, J.) entered in this matter on October 6, 1982 and October 18, 1982, respectively. Plaintiffs, Louis and Jean Galofaro (hereinafter the "Galofaros") appeal from the October 6, 1982 Decision and Order which failed to find that the defendants', George and Elizabeth Fox's (hereinafter the "Foxes" or the "debtors"), Chapter 13 Plan was proposed in good faith, and from so much of the October 18, 1982 Chapter 13 Confirmation Order as failed to find (1) that the debtors' Plan was not proposed in good faith, and (2) that property to be distributed under the Plan was less than the amount that would be distributed if the debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code.

## FACTS

The Galofaros obtained a judgment in New York Supreme Court for Ontario County against the Foxes on September 24, 1981 in the amount of $31,660 based on causes of actions sounding in intentional tort. Thereafter, the Foxes filed a Bankruptcy Petition, Statement and Plan under Chapter 13 of the Bankruptcy Code (Title 11, United States Code). The debtors' schedules listed two unsecured debts: (1) a debt in the amount of $8,000 owed to James W. Richards, attorney for the debtors, for his legal representation of the debtors during the defense of the action brought by the Galofaros; and (2) a debt in the amount of $31,660 owed to the Galofaros by reason of the judgment the Galofaros obtained against the Foxes. All other debts the Foxes scheduled were secured claims which were to be paid outside the Plan, with the exception of the priority claim of James W. Richards in the amount of $750 for his representation of the debtors in connection with their bankruptcy proceeding.

The Plan proposed payments by the debtors of $250 per month for a period of 42 months, or a total distribution to unsecured creditors of $9,750 (after the priority claim for attorney's fees of $750 was deducted); the dividend to unsecured creditors was to be, therefore, approximately 20% of their claims, after the deduction for expenses of administration.

The Court below found that the amount available for distribution under a Chapter 7 liquidation would be $7,606.25. This amount was arrived at by allowing *each* of the joint debtors to elect a New York State homestead exemption of $10,000, thereby allowing $20,000 of the equity in the debtors real property to be exempted from the property of the estate.

The Galofaros argue that the debtors' Plan has not been proposed in "good faith", as is required by Sec. 1325(a)(3) considering the inconsistencies of the debtors' statements, the low percentage dividend to unsecured creditors and the nature of most of the unsecured debt, i.e., non-dischargeable.

Additionally, the Galofaros argue that the debtors' Plan has not satisfied the requirement of Sec. 1325(a)(4) which requires creditors in a Chapter 13 to receive more than they would receive in a Chapter 7 liquidation. They maintain that the debtors should be required to make an additional $10,000 distribution to unsecured creditors. It is their position that joint debtors in New York are only permitted to claim one New York State homestead exemption if both of the joint debtors elect their state exemptions. CPLR 5206, 11 U.S.C. § 522(b), (d).

## GOOD FAITH

A Chapter 13 Plan must have been proposed in good faith and may not have been proposed by any means forbidden by law. 11 U.S.C. Section 1325(a)(3).

"The established historical meaning of 'good faith', a term used throughout the Bankruptcy Act, requires merely that the plan conform with the provisions, purposes, and spirit of chapter 13." 5 *Collier on Bankruptcy* Para. 1325.01[C]; *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427, 7 C.B.C. 2nd (6th Cir.1982); *In re Rimgale,* 669 F.2d 426, 5 C.B.C. 2nd 1281 (7th Cir. 1982); *In re Barnes,* 13 B.R. 997, 4 C.B.C. 2nd 1510 (D.D.C.1981).

■ Historically, Bankruptcy Court has always exercised a careful examination of the relationship between a debtor and its attorney. The ability to scrutinize the relationship continues under the Bankruptcy Code Section 329 and Bankruptcy Rule 220. In the instant case, the creditor objected to the amount of the debtor's attorney's claim in the amount of $8,000 for attorney's fees

in the defense of the action which gave rise to the only other unsecured debt in the amount of $31,000. The attorney's fee in the amount of $8,000 was approved without the benefit of a hearing to determine its reasonableness. At the very least, the disposition of this important factor on an impromptu basis in the middle of a confirmation hearing denies the elements of due process and fairness deserved by both the objecting creditors and the debtor. As part of the inquiry requested by the creditors, they submitted proof that during the pendency of the law suit, the debtors borrowed $2,000 from a credit union for purposes of "[a] wood burner and chimney and *attorney's fees*". (emphasis added) Add to that, attorney Richards' * suggestion at the confirmation hearing that he might reduce his fees and a total situation is presented where a hearing on that issue is mandated. The case accordingly is remanded to Bankruptcy Court for a hearing on the reasonableness of the attorney's fee submitted by the unsecured creditors attorney James Richards. Bankruptcy Code Section 329, Section 1325(a)(3), also *In Re Rimgale,* 669 F.2d 426 (7th Cir.1982).

## DOUBLE EXEMPTION ISSUE

■ Mr. and Mrs. George Fox in their joint petition under Chapter 13 elected the New York State exemptions. Under the Homestead Statute (CPLR 5206), they each claimed as exempt the respective interests in their residence which they own as tenants by the entirety. Thus, each valued their interest in excess of $10,000 for a total claimed exemption of $20,000. The creditors object, claiming they are limited to a single exemption of $10,000 arguing that a double exemption was not contemplated by the Legislature. In support of this position, the creditors cite *Matter of Feiss,* 15 B.R. 825 (Bkrtcy.1981). For the reasons enunciated in *Matter of Rizzo,* 21 B.R. 913 (Bkrtcy.1982), I hold that the creditors are

---

* Mr. Richards: "May I make a suggestion, your Honor? I would be willing to reduce the attorney's fees ..."

The Court: Well, I'm ..."

Mr. Richards: "That would have the effect of increasing the amount to the Gallofaros, would it not?". (Transcript of Proceedings February 22, 1982).

entitled to a total exemption of $20,000. See also 11 U.S.C. Section 522(m).

### CONCLUSION

The case is remanded to Bankruptcy Court for a hearing on the objections raised by the creditors concerning the amount claimed for attorney's fees. In all other respects, the Plan is confirmed.

SO ORDERED.