**In re Kenneth C. EIPP, Maureen C. Eipp, Debtors.**

**Bankruptcy No. 80–01805.**

United States Bankruptcy Court, N.D. New York.

May 30, 1984.

Perrin & Demore, Fabius, N.Y., for debtors; Robert S. Demore, of counsel.

Melvin & Melvin, Syracuse, N.Y., for Merchants Nat. Bank; Louis Levine, of counsel.

Crystal, Manes & Rifken, Syracuse, N.Y., for Key Bank; Milton J. Crystal, of counsel.

LEON J. MARKETOS, Bankruptcy Judge.

## MEMORANDUM–DECISION, FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

This matter comes before the Court pursuant to a motion filed by Kenneth C. and Maureen A. Eipp (hereinafter, the Debtors). The Debtors request an order of the Court authorizing them to avoid certain judicial liens, pursuant to § 522(f), Title 11, U.S.C. (hereinafter, the Code), held by Key Bank of Utica (hereinafter, Key) and Merchants National Bank of Syracuse (hereinafter, Merchants). The judicial liens are held against real property which the Debtors use for their homestead (hereinafter, the Property).

Debtors aver that they possess a $20,000.00 cumulative homestead exemption pursuant to N.Y. CPLR § 5206(a) (McKinney 1980) and thus, they should be permitted to void the liens held on the Property to the extent of $20,000.00. In addition, Debtors assert the valuation of the Property should be determined as of the date their original petition was filed, on November 21, 1980, rather than the date of the reopening of their case.

Both Merchants and Key filed affidavits and memoranda of law in opposition to the Debtors' requested relief. The substance of these objections is as follows:

1. If the Debtors are entitled to claim any exemption in the Property, they are limited to claiming the exemption amounts as provided under the old N.Y. CPLR § 5206, which was in effect before August 22, 1977. The old homestead scheme provided a $2,000.00 homestead exemption, but only if the claimant "designated" the real property as a homestead by filing a notice with the county clerk in which the real property was located.

Both Merchants and Key argue that the new homestead exemption scheme contains a proviso which establishes that the old exemption amounts apply for all debts which were contracted before August 22, 1977. Both Merchants and Key argue that

as the instant debts arose pursuant to contracts executed prior to August 22, 1977, the old exemption amount of $2,000.00 applies. Consequently, Merchants and Key argue that as the Debtors have failed to "designate" the Property, they possess no exemption on which to base their claimed Code § 522(f) motion.

2. Merchants and Key also assert that if the Court determines the Debtors possess an exemption on which to attempt to avoid the instant judicial liens, the valuation of the Property must be determined as of the date of the Debtors' reopening of their case, rather than the date of Debtors' original bankruptcy petition. The only reason asserted by Merchants and Key for this position is the desire for finality in bankruptcy proceedings.

Merchants holds three judicial liens on the Property, which are in the following amounts:

(a) $1,781.45 obtained on September 24, 1980, based on a contractual obligation executed on May 11, 1976;

(b) $1,161.09 obtained on September 29, 1980, based on a contract executed on June 9, 1977; and

(c) $3,073.41 obtained on September 29, 1980, based on a contract executed on June 9, 1977.

Key obtained its judicial lien in the amount of $1,029.98 on November 13, 1980. Said lien was based on a contract executed at some time before August 22, 1977.[1]

As noted above, Merchants and Key aver that as the dates of the underlying contractual debts arose before August 22, 1977, the old $2,000.00 exemption scheme applies. Thus, as the Debtors failed to "designate" their homestead, they possess no exemption in the Property.

In response, the Debtors contend Merchants and Key interpret the proviso in the current CPLR § 5206 too broadly. Debtors contend that the dates Merchants and Key obtained the instant judicial liens are the dates on which the Court should rely to determine whether the new or the old § 5206 homestead amounts apply. Thus, as Merchants and Key obtained the instant judicial liens after August 22, 1977, the new § 5206 scheme applies. Consequently, Debtors should be accorded their cumulative $20,000.00 claimed exemption.

The proviso referred to by the parties reads as follows:

§ 2. This act shall take effect ninety days after it shall have become a law [August 22, 1977], but shall not affect the application of property to the satisfaction of a money judgment *for a debt contracted before it takes effect.* Session Laws of New York, Chap. 181 (McKinney 1977). (Emphasis added).

Merchants and Key argue this section clearly establishes an exception to the application of the current homestead exemption scheme for all contractual debt obligations executed prior to August 22, 1977.

Further support for the position of Key and Merchants is derived from the cases of *Corbin v. Litke,* 105 Misc.2d 94, 431 N.Y. S.2d 800 (Sup.Ct.1980); *Perry v. Zarcone,* 77 A.D.2d 881, 431 N.Y.S.2d 50 (Sup.Ct. 1979); and *Michaels v. Chemical Bank,* 110 Misc.2d 74, 441 N.Y.S.2d 638 (Sup.Ct. 1981). The Court notes that while none of these cases arose in a bankruptcy context, they support the contention of Merchants and Key in stating that the date the underlying contractual debt is executed is the determining factor in regard to the question of whether the new or old CPLR § 5206 exemption amounts apply.

Although the Debtors argue the controlling date is the date Merchants and Key obtained the status of judicial lienors, Debtors fail to cite any dispositive authority to support their position. Therefore, the Court is inclined to adopt the position of Merchants and Key. Thus, the former § 5206 applies in the present case.

---

1. In its papers, Key alleges the subject debt arose from a contract entered into prior to August 22, 1977, however, it submits no proof in this regard. As the Debtors failed to raise this as an issue, the Court proceeds on the assumption that this debt arose prior to August 22, 1977.

As previously noted, the Debtors have failed to demonstrate they "designated" their claimed homestead. Therefore, the Court determines the Debtors are not entitled to claim any exemption in the Property. As no exemption exists in the Property, the Court will deny the Debtors' requested § 522(f) motion.

In view of the above determinations, the Court makes no findings in regard to the issue of the date upon which valuation of the Property should be made.

Based on the foregoing, it is

ORDERED that the Debtors' motion requesting an order voiding the judicial liens held by Merchants and Key, be and the same is hereby denied.