**In re Kevin D. VENTURA, Anne M. Ventura, Debtors.**

**Bankruptcy No. 85-01134.**

United States Bankruptcy Court, N.D. New York.

June 30, 1986.

[redacted]

4. Code § 101(4).

5. Code § 101(28).

Scott, Sardano & Pomeranz, Syracuse, N.Y., for debtors; Richard J. Sardano, of counsel.

Melvin & Melvin, Syracuse, N.Y., for Merchants Nat. Bank & Trust Co.; Louis Levine, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Kevin D. and Anne M. Ventura ("Debtors") have requested an order of the Court authorizing them to avoid certain judicial liens, pursuant to 11 U.S.C. § 522(f) ("Code"), held by Merchants National Bank and Trust Company of Syracuse ("Merchants"). The judicial liens are held against real property the Debtors use for their homestead.

Debtors and Merchants entered into a series of three contracts; for purposes of this decision, only those entered into on December 2, 1976 and July 18, 1977 are relevant. Debtors defaulted on these contracts, with Merchants taking separate judgments thereon in principal amounts of $603.35 and $306.67, respectively. These are the judgment liens, together with interest thereon, which Debtors now seek to avoid, arguing impairment of their homestead exemption. While the liens do attach to Debtor's homestead, the Debtors are not entitled to the relief they seek.

Pursuant to Code § 522(b)(1), New York State chose to "opt out" of the exemption scheme provided in Code § 522(d)(1)–(11). *See*, N.Y.Debt. & Cred. §§ 282–4 (McKinney Supp.1986). By virtue of N.Y.Debt. & Cred. § 282 (McKinney Supp.1986), the real property exemptions of N.Y.Civ.Prac.Law § 5206 (McKinney 1978, Supp.1986) ("CPLR § 5206") take the place of Code § 522(d)(1).

CPLR § 5206 was amended by the New York Legislature on May 24, 1977. Act of May 24, 1977, Ch. 181, 1977 N.Y.Laws 235. By specific provision, the amended Act provided:

§ 2. This act shall take effect ninety days after it shall have become a law [August 22, 1977], but shall not affect the application of property to the satisfaction of a money judgment *for a debt contracted before it takes effect.* *Id.* at 237. (Emphasis added).

Thus, if judgment against a homestead owner is based upon a contractual obligation executed prior to August 22, 1977, the present provisions of CPLR § 5206 are not applicable and reference must be made to CPLR § 5206 as it existed prior to the 1977 amendments. *In re Eipp*, 66 B.R. 1 (Bankr.N.D.N.Y. 1984) (Marketos, B.J.); *Perry v. Zarcone*, 77 A.D.2d 881, 431 N.Y.S.2d 50 (1979); *Michaels v. Chemical Bank*, 110 Misc.2d 74, 441 N.Y.S.2d 638 (N.Y.Sup.Ct.1981); *Corbin v. Litke*, 105 Misc.2d 94, 431 N.Y.S.2d 800 (N.Y. Sup.Ct.1980).

Prior to August 22, 1977, CPLR § 5206 provided a $2,000.00 homestead exemption, and lacked a provision that this amount be above liens and encumbrances. Further, in order to qualify for the exemption, the owner claiming such had to "designate" the property as exempt by filing a notice with the county clerk in which the real property was located. CPLR § 5206(b) (amended 1977).

Debtors have failed to demonstrate they "designated" their claimed homestead in accord with former CPLR § 5206(b). As Merchants does not now contest the valua-

tion of Debtors' homestead, arguments concerning the same are irrelevant. Additionally, Debtor's reliance on Code § 522(f) is misplaced, as the applicability of the section necessarily depends upon the existence of a relevant New York exemption; as seen, the Debtors have not shown compliance with the New York exemption scheme as it existed prior to 1977. Finally, arguments concerning the date of Merchants' lien are of no consequence, as the date of the contractual debt is dispositive.

Based on the foregoing, it is

ORDERED:

1. Debtors' motion requesting an order voiding the judgment liens of Merchants National Bank and Trust Company of Syracuse in amounts of $603.35 and $306.67, together with interest thereon, is denied.