**In re Judith Ann BUCHARDT, Debtor.**

**Bankruptcy No. 89–01991.**

United States .Bankruptcy Court,
N.D. New York.

March 16, 1990.

David R. Garner, Canton, N.Y., for debtor; Paul M. Fisher, of counsel.

Melvin & Melvin, Louis Levine, Syracuse, N.Y., for Merchants Nat. Bank and Trust Co.

### MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This contested matter is before the Court by way of the motion of Judith Ann Bu-

chardt ("Debtor") to avoid a judicial lien of Merchants National Bank and Trust Co. ("Merchants"), pursuant to § 522(f)(1) of the Bankruptcy Code 11 U.S.C. §§ 101–1330 (West 1979 and Supp.1989) ("Code").

## JURISDICTION

The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b)(1), 1334 (West Supp.1989). The matters herein are core proceedings under 28 U.S.C. § 157(b)(2)(K).

## FACTS

On November 2, 1989 the Debtor filed her voluntary petition for relief under Chapter 7 of the Code. At the time of filing, the Debtor owned real property located on Clinton Street in Waddington, New York ("Property"). In her petition she claims entitlement to a $10,000.00 exemption in the Property pursuant to New York Debtor & Creditor Law § 282 (McKinney's Supp.1990) ("NYD & CL") and New York Civil Practice Law and Rules § 5206(a) (McKinney's Supp.1990) ("NYCPLR"), the statutory provisions which set forth New York's homestead exemption.

The judgment lienor, Merchants, holds a lien against the Debtor's exempt Property in the amount of $7,043.68. Merchants' judgment is based upon the Debtor's default on a promissory note which she executed in August 1976. The judgment was entered against the Debtor in the office of the Clerk of the Supreme Court of the State of New York for Onondaga County on September 16, 1977.[1] No portion of the judgment has been paid since its entry.

In July, 1987 Merchants commenced an action against the Debtor in the Supreme Court of the State of New York for the County of St. Lawrence based upon on its previous 1977 judgment pursuant to NYCPLR § 5014. The resulting judgment was entered in the Office of the Clerk of St. Lawrence County on September 18, 1987 in the amount of $7,043.68. The Debtor seeks avoid the fixing of Mer-

chants' lien upon the Property which she claims as exempt pursuant to Code § 522(f)(1).

## ARGUMENTS

The Debtor claims entitlement to an exemption in the Property in the amount of $10,000.00. She also claims to have had $9,000.00 in equity in the Property at the time of filing. The Debtor asserts that Merchants' lien impairs her homestead exemption and is, therefore, subject to avoidance under Code § 522(f).

Merchants seeks an Order denying the Debtor's motion in all respects. It argues that the application of Code § 522(f) to avoid liens entered prior to its enactment is unconstitutional. Merchants contends that the 1987 judgment which is based upon the 1977 judgment relates back to the entry date of the original judgment. As the Code cannot affect property rights created before its enactment, Merchants maintains that Code § 522(f) does not apply to the 1977 judgment.

In addition, Merchants has objected to the claim of entitlement to the current homestead exemption as provided in NYCPLR § 5206. Merchants maintains that, because the judgment was founded upon a debt contracted by the Debtor before the present amended version of the homestead exemption statute became effective, she cannot claim entitlement under the current statute.

## DISCUSSION

■ The Court's initial inquiry is whether Code § 522, which was enacted in 1978 and became effective in 1979, may be applied retrospectively to a debt incurred in 1977. This was previously considered by the Supreme Court in *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). In *Security Industrial, supra,* the debtors moved pursuant to Code § 522(f) to avoid judicial liens obtained and perfected before the Bankruptcy and Reform Act of 1978,

---

**1.** Merchants' judgment was also entered at that time against B.L. Buchardt a/k/a Bruce L. Bu- chardt, who is not a debtor and, with whom the Court is not concerned.

Pub.L. 95–598, 92 Stat. 2549 ("1978 Act") was enacted on November 6, 1978. The Supreme Court decided that the Bankruptcy Code was not intended by Congress to be applied retroactively. *See id.* at 71, 103 S.Ct. at 408. The Court restated the principle that "[n]o bankruptcy law shall be construed to eliminate property rights which existed before the law was enacted in the absence of an explicit command from Congress." *Id.* at 81, 103 S.Ct. at 414. To apply the statute retroactively would destroy a property right acquired prior to the statute's enactment thereby violating the Takings Clause of the Fifth Amendment. In *Security Industrial, supra,* the Court avoided finding that there was such a taking as it concluded that Congress intended that Code § 522(f) be applied only to property rights created post enactment, i.e., after November 6, 1978.

In the instant case, the original entry date of Merchants' judgment is September 16, 1977. Therefore, it is clear that the Debtor may not avoid Merchants' judicial lien pursuant to Code § 522(f) if the 1987 judgment relates back to the September 16, 1977 entry date. Conversely, the conclusion that Merchants' 1987 lien is a completely independent, new lien would result in the applicability of Code § 522(f), and the avoidability analysis in accordance with that section.

a. NYCPLR § 5014(1)

█ Under New York law, the statute of limitations of a judgment lien is ten years. NYCPLR § 5203(b). The judgment itself is effective for twenty years after the docketing of the judgment. NYCPLR § 211(b). However, a ten year statutory realty lien is measured not from the time of the docketing, but from the filing of the judgment roll. *Quarant v. Ferrara,* 111 Misc.2d 1042, 445 N.Y.S.2d 885 (1981). In the case at bar, the date from which the ten year period ran was September 16, 1977.

On July 7, 1987, Merchants commenced an action on its 1977 judgment pursuant to

NYCPLR § 5014 to obtain another ten year lien.[2] The primary objective of an action on a judgment under NYCPLR § 5014(1), is to revive the lien of judgment and not to enforce it. 5 Weinstein–Korn–Miller, N.Y. CIV.PRACT. § 5014.04 (1989). In the past, the statute required the judgment creditor to wait until ten years had elapsed from the first docketing of the judgment in order to bring a new action on that judgment. *See* NYCPLR § 5014 Supplemental Practice Commentaries at 541–44.

NYCPLR § 5014 was amended in 1986. As amended, NYCPLR § 5014 permits an action on a judgment to be commenced during the year prior to the expiration of ten years from the first docketing of the judgment. 3A Weinstein–Korn–Miller, N.Y.CIV.PRAC. § 24.04 (1989). It also provides that if the new judgment is obtained, it is designated a "renewal judgment", and the lien created by the renewal judgment automatically takes effect when ten years have expired after the first docketing of the original judgment. *See id.*

The purpose of NYCPLR § 5014 is to protect the judgment creditor and to prevent the uncollected judgment from expiring as a lien. *See* NYCPLR § 5014, Supplemental Practice Commentary at 542. As a judgment remains valid for twenty years, the judgment creditor is allowed under the statute "to revive the judgment so as to revalidate it as a lien for a second ten years." *Id.* at 541. While procedurally a renewal judgment may be obtained through a "plenary action ... in which the creditor should earn a quick summary judgment, ... a simple registration procedure ... subject to nothing more than the mailing of notice to the judgment debtor" may also be used. *Id.* The new lien would attach or "tack on" to the old lien and "will not start to run until the first ten year period has run." *Id.*

In light of the plain language of the statute and the accompanying discussion of the provision in the Practice Commentaries, the Court concludes that Merchants' 1987

---

**2.** It should be noted that Merchants did not employ NYCPLR § 5203(b) to "extend" its 1977 lien. Such an extension is granted only for the length of time necessary for the judgment creditor to dispose of the property.

lien relates back to the 1977 lien for the purposes of analysis under Code § 522. The statute expressly provides that a judgment resulting from an action pursuant to NYCPLR § 5014 "shall be designated a renewal judgment and shall be so docketed by the clerk." Such an overt designation, together with the additional provision that the renewal judgment "shall take effect upon the expiration of ten years from the first docketing of the original judgment," indicates the legislature's intent that the renewal lien does not stand apart from, but is a continuation of, the original lien. It is not docketed as a freestanding lien and the point from which its ten year period runs is solely dependent upon the expiration of the original ten year lien. The relatively lax procedure of allowing the judgment creditor to register the judgment, as used in NYCPLR Article 54 for the local recognition of foreign judgments, additionally sets the renewal judgment apart from a typical judgment on the merits.[3] Thus, the lien resulting from an action on the judgment pursuant to NYCPLR § 5014 was not intended to create, and does not create, on the part of the creditor any new property rights in the judgment debtor's property.[4]

The Court, therefore, concludes that, because Merchants' action on their 1977 judgment pursuant to NYCPLR § 5014 was timely commenced and obtained in accordance with that section, their 1987 lien relates back to, and is analyzed for the purpose of Code § 522(f), as if it was docketed on September 16, 1977. As the Code cannot be applied to property rights created before its enactment on November 6, 1978, Code § 522(f) is not available to the Debtors as pertains to Merchants' instant lien.

b. Objection to Exemption

██ The Court now turns to Merchants' objection to the Debtor's claimed homestead exemption. Merchants asserts that the currently enacted version of NYCPLR § 5206 is not available to debts contracted before enactment of the previous amendment to that statute on August 22, 1977.

The Court has visited this issue previously in *In re Ventura,* 65 B.R. 29 (Bankr.N. D.N.Y.1986). In *In re Ventura, supra,* 65 B.R. at 30, the Court held that the present provisions of NYCPLR § 5206 are not applicable to judgments on contractual obligations executed prior to August 22, 1977. NYCPLR § 5206 was amended by the New York Legislature on May 24, 1977. The amended version became effective on August 22, 1977. Act of May 24, 1977, Ch. 181, 1977 N.Y.Laws 235. NYCPLR § 5206 has not been significantly amended further since the Court's decision in *In re Ventura.*

Merchants has included in its Affidavit a copy of the promissory note which served as the basis for Merchants 1977 judgment against the Debtor. The note was executed by the Debtor and dated August 2, 1976. Merchants further included their original Complaint filed in the 1977 action against the Debtor. The Complaint, and therefore the judgment, clearly is based upon the Debtor's note dated August 2, 1976.

The law is unequivocal and the evidence is uncontroverted. Merchants' judgment is based upon the Debtor's contractual obligation which she executed prior to August 22, 1977. She is, therefore, not entitled to utilize the exemption under the current form of NYCPLR § 5206 in relation to Merchants' lien. Her exemption, for the sole purpose of avoiding Merchants' lien pursuant to Code § 522(f), is limited to NYCPLR § 5206 as it existed prior to August 22, 1977. *See In re Ventura, supra,* 65 B.R. at 30–31.

For the foregoing reasons, the Court finds that the Debtor is unable to avoid Merchants' judicial lien pursuant to Code § 522(f). In addition, the Debtor's claimed homestead exemption pursuant to NYCPLR § 5206 (McKinney's Supp.1990) is denied only insofar as the Debtor seeks to

---

**3.** *See* NYCPLR § 5403 which provides for the filing of a foreign judgment and notice to the judgment debtor by the judgment creditor.

**4.** While the amount of the judgment may change over time, that quantitative difference is separate from any creation or termination of rights in the property.

claim it in order to avoid Merchants' judicial lien herein.

IT IS SO ORDERED.