■ In the Matter of ACQUISITIONS PLUS, LLC, as Assignee of UPSTATE EMPIRE GROUP, INC., Appellant, v SANDRA KRUPSKI, Respondent. [792 NYS2d 635]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 14, 2004 in Saratoga County, which,

inter alia, in a proceeding pursuant to CPLR article 52, granted respondent's cross motion to dismiss the petition.

Petitioner, the assignee of a judgment against respondent, commenced a special proceeding pursuant to CPLR 5206 (e) seeking an order directing the sheriff to sell respondent's interest in the residence that she and her husband had purchased before their marriage as joint tenants and still owned in that capacity. The original judgment, which was entered in May 1993, resulted from an action by respondent's former employer to recoup money she had stolen at her job. Thereafter, Bankruptcy Court issued a nondischarged judgment (see 11 USC § 523 [a] [4], [6]) on July 8, 1994 when the employer successfully challenged, in an adversary proceeding, respondent's chapter 7 filing. That judgment was subsequently filed with the Saratoga County Clerk. In a decision dated June 29, 2004 (and entered July 14, 2004), Supreme Court found that the Bankruptcy Court judgment did not create a new judgment, but that it only provided for the May 1993 judgment not to be discharged, thus, leading the court to conclude that the 10-year lien on respondent's interest in the real property had expired (see CPLR 5203 [a]). Supreme Court further addressed the request of respondent and her husband for protective relief under CPLR 5240 and, after discussing a host of considerations, noted that it would not permit enforcement against respondent's joint tenancy interest in the home where respondent and her husband lived. Petitioner appeals.

Petitioner acknowledges on appeal that the CPLR 5240 stay was within Supreme Court's broad discretion (see Guardian Loan Co. v Early, 47 NY2d 515, 519 [1979]; Tweedie Constr. Co. v Stoesser, 65 AD2d 657, 658 [1978]), and limits its argument to whether the federal judgment gave rise to a new 10-year lien.* Review of the record reveals that the federal judgment incorporated a detailed stipulation of the parties that set forth relief not included in the earlier state judgment and significantly changed the terms of that judgment. Where, as here, the stipulated judgment in Bankruptcy Court was obtained in accordance with federal law (see In re Porges, 44 F3d 159, 163-165 [2d Cir 1995]; see also In re Kennedy, 108 F3d 1015, 1016-1018

---

* This issue is not academic since, despite the current stay, Supreme Court's ruling resulted in a loss of lien priority by petitioner to respondent's postbankruptcy judgment creditors and, if the lien has not yet expired, respondent may be entitled to an extension preserving petitioner's priority (see CPLR 5203 [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5203:6, at 116). Indeed, petitioner reportedly has taken steps to extend its lien, which are dependent on this Court's decision in the current appeal.

[9th Cir 1997]) and is filed with a county clerk, it is entitled to a 10-year lien from the date it was issued, to wit: July 8, 1994 (*see Knapp v McFarland*, 462 F2d 935 [2d Cir 1972]; *In re Buchardt*, 114 BR 362, 364 [ND NY 1990]; Siegel, NY Prac § 422, at 687 [3d ed]). Accordingly, we find that petitioner's lien had not expired by June 29, 2004, the date of Supreme Court's decision.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as determined that the lien had expired by the date of Supreme Court's decision, and, as so modified, affirmed.