### In re ' LIGHTSTONE.

(District Court, W. D. New York. June, 1918.)

BANKRUPTCY ⊜═══398(1)—HOMESTEAD EXEMPTION—NEW YORK STATUTE.

Filing of a claim to a homestead exemption by a bankrupt prior to his bankruptcy, under Code Civ. Proc. N. Y. § 1397, has effect only from the date of its registry, and is inoperative against debts contracted before such time.

In Bankruptcy. In the matter of Maurice Lightstone, bankrupt. On review of decision of referee. Order confirmed.

George V. Holton, of Rochester, N. Y., for bankrupt.

Plumb & Plumb, of Rochester, N. Y., for trustee.

HAZEL, District Judge. Four years prior to the bankruptcy the bankrupt acquired a house and lot in Rochester, and subsequently gave his son a power of attorney authorizing him to file a petition in bankruptcy and to file a homestead exemption claim under section 1397 of the Code of Civil Procedure of the state of New York. The homestead exemption claim was filed August 17, 1917, and the petition in bankruptcy August 29, 1917. Nearly all the debts of·the creditors whose claims have been proved and allowed herein had been previously contracted and were owing at the time of registering the claim of homestead exemption. Indeed, before such time, and while insolvent, the bankrupt had endeavored to make a compromise of his debts with his creditors.

The question submitted for review is whether the notice designating the interest of the bankrupt in the house and lot as exempt was valid as against debts contracted before such designation. I think, as did the referee, that the intendment of section 1397 of the Code of Civil Procedure is that such exemption shall be invalid as to debts contracted before the designation. While a statute of this description is entitled to a liberal construction, with a view to comporting with "the beneficent spirit that prompted its enactment" (Smith v. Thompson [C. C. A. 8th Cir.] 32 Am. Bankr. Rep. 165, 213 Fed. 335, 129 C. C. A. 637),·still the statute law of the state wherein the bankrupt resided and registered his designation is controlling.

The adjudications cited by· the attorney for the bankrupt on the point that the bankrupt was entitled to the homestead exemption in question were interpretative of statutes of other states, differently phrased. The language of section 1397, "Debts contracted before the designation of the property," must be given interpretative effect, and it does not seem to me that liability for such debts is to be excluded

---

⊜═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

after the designation, while a judgment recovered for the debt would be included. The purpose of the statute no doubt was to give notice to creditors of the recording of the exemption claim, and this would be an idle ceremony if a debt or debts previously contracted were to be defeated by the designation. In Waples on Homestead and Exemptions, p. 290, is cited section 1397 of the Code of Civil Procedure of the state of New York, and the author construes such section as follows:

"The homestead continues liable after its designation by the filing of the deed or notice for a debt previously contracted, under a statute similar to the above cited"—citing Mutual Life Insurance Co. v. Newton, Court of Chancery, New Jersey, reported 15 Atl. 542.

And besides there are homestead exemption statutes of other states, worded similarly to section 1397, which have been construed by the courts as not granting exemption from debts contracted before the recording. See In re Furniss, 34 La. Ann. 1013; Linsey v. McGannon, 9 West Va. 154; Watkins v. Overby, 83 N. C. 165. Hence it is held herein that the homestead exemption in question, registered by or on behalf of the bankrupt, can have effect only from the time of the designation or date of register and that it was and is inoperative against debts contracted before such time.

The exceptions are overruled, and the report of the referee confirmed.