OPINION OF THE COURT
Paul J. Baisley, J.
The petitioner (judgment debtor) moves to cancel a certain real property execution, on which the respondent, Sheriff, has scheduled a sale for February 26, 1979. The petitioner states that the realty in question is owned by the petitioner and his wife as tenants by the entirety and contains their actual place of dwelling, having an equity value in excess of $20,000. The petitioner first contends that the property is entitled to an exemption from execution by virtue of CPLR 5206 (subd [a]). The petitioner secondly contends that the respondent judgment creditor’s failure to follow the procedure suggested by CPLR 5206 (subd [e]) is fatal to the validity of the real property sale.
The cause of action on which the underlying judgment of the United States District Court was predicated was a tort action. Judgment was entered on July 20, 1977, and filed in Suffolk County on October 19, 1977. In the interim, on May 24, 1977 both houses of the State Legislature passed, and the Governor signed a bill, inter alia, raising the exemption from $2,000 to $10,000 on homesteads. The last section of this bill stated it was not to become effective until 90 days after it shall become law, (i.e., Aug. 24, 1977) but shall not affect the application of property to the satisfaction of a money judgment, for a debt contracted before it takes effect. The petitioner contends, that despite the fact that the judgment was rendered prior to the effective date of the law, his property still qualifies for the full exemption of $10,000. The judgment creditor on the other hand states that the Legislature did not intend to differentiate between judgments obtained as a result of a tort as opposed to those obtained as a result of breach of contract.
Applying basic rules of statutory construction, the court concludes that the view of the respondent judgment creditor cannot prevail. A court in construing a statute should consider the general purpose and spirit underlying the enactment, and interpret the statute in a manner that advances the same (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 95, 96). Here, the purpose of the legislation was to insure a judgment *901 debtor would not lose his principal residence to the judgment creditor, and to increase the homestead’s exemption (McKinney’s 1977 Session Laws of NY, vol 2, pp 2305-2307, 2487). Exemption laws in particular should be liberally construed to carry out their beneficial purpose (Northern New York Trust Co. v Bano, 151 Misc 684). The interpretation urged by the respondent has the contrary effect.
Moreover, in interpreting statutes words will not be expanded so as to enlarge their meaning to something which the Legislature could easily have expressed but did not (People v Shafer, 30 AD2d 213). If the Legislature had intended the result urged by the respondent, the exclusion would not have stated "money judgment for a debt contracted.” If the proviso had excluded either all money judgments or all debts arising before the effective date, the court would have been inclined to interpret the statute along the lines suggested by the respondent judgment creditor. The court cannot disregard the Legislature’s utilization of the word "contracted” as superfluous, nor can it impart a meaning to that word at variance with its commonly understood meaning, particularly when to do so, frustrates the avowed purpose of the legislation, to wit, to extend exemptions to judgment debtors (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 231-232).
Accordingly, the court concludes that on August 24, 1977 the petitioner’s realty became exempt from execution in accordance with the provisions of the new legislation. This exemption does not include any value in excess of $10,000 above all liens and encumberances on the realty (CPLR 5206, subd [d]). Nor, is the realty exempt in a like amount from any judgment obtained as a result of contractual obligations created prior to the effective date of the legislation. Thus, with respect to enforcement of this judgment, the value of petitioner’s exemption is $10,000.
However, nothing contained in the moving or opposing papers indicates a reason why the Sheriff may not proceed with the sale. The judgment creditor is entitled to a sale under execution of the petitioner’s interest in the subject realty (Hiles v Fisher, 144 NY 306; Ryan v Fitzsimmons, 57 AD2d 922).
The fact that the judgment creditor has not fully complied with the procedure suggested by CPLR 5206 (subd [e]) does not prohibit the sale of the premises, in view of the unique circumstances existing herein. The judgment creditor’s *902 right to an execution sale of the petitioner’s interest in the subject realty, and the procedure to be employed is beyond dispute (CPLR 5201, 5236).
The purpose of CPLR 5206 (subd [e]) is twofold: one, to determine whether the value of the homestead exceeds $10,000, thereby permitting judicial sale, and two, to insure the just and legal distribution of the proceeds of the sale. The petitioner’s sworn statement that the property’s equity value exceeds $20,000 obviates the need for such a determination through a special proceeding to determine this threshold jurisdictional question. The second purpose of the statute, to wit, to insure judicial supervision of the distribution of the proceeds of the sale is likewise obviated by the order to be entered herein, which prohibits distribution of the proceeds or issuance of an instrument of title without further direction of the court. Judicial supervision subsequent to conclusion of the execution sale is sanctioned by statute designed to protect all innocent parties from the potentially harsh effect of lawful enforcement procedures (see, e.g., CPLR 5240; Wandschneider v Bekeny, 75 Misc 2d 32).
The court can only conclude that the judgment creditor in this instance may waive his right to a special proceeding under CPLR 5206 (subd [e]), and the benefits incident thereto, for a more expeditious mode of enforcement of his rights. Accordingly, the petition is denied.