■     In the Matter of WILLIAM M. PERRY, Respondent, v THOMAS ZARCONE, Appellant, and JOHN P. FINNERTY, as Sheriff of the County of Suffolk, Respondent.—In a proceeding to cancel a certain real property execution, the appeal, as limited by appellant's brief, is from so much of an order of the Supreme Court, Suffolk County, dated February 21, 1979, as, in effect, held that petitioner was entitled to a homestead exemption in the amount of $10,000. Order modified, on the law, by adding thereto a provision that petitioner is not entitled to a $10,000 homestead exemption. As so modified, order affirmed insofar as appealed from, without costs or disbursements. In our view, when the Legislature amended CPLR 5206 by, *inter alia,* increasing the homestead exemption from $2,000 to $10,000 (see L 1977, ch 181, § 1), it intended that the increase be prospective only, i.e., to apply only when the debt upon which execution is sought arose after the effective date of the amendment. We draw this conclusion by reference to two executive memoranda addressed to the amending bill. The first, the statement in support of the bill by the State Executive Department, stated pertinently that "The [proposed] law would not apply to debts that exist before it takes effect. Therefore, existing creditors will not have their security diminished by the amendment." (See McKinney's 1977 Session Laws of NY, p 2307.)

Second, and to a similar effect, is the statement of the Governor on approving the bill that "existing creditors will not have their security diminished by the amendment" (see McKinney's 1977 Session Laws of NY, p 2488). Since the judgment on which appellant now seeks to execute was entered July 20, 1977, appellant was unquestionably an "existing creditor" when the amendment to CPLR 5206 became effective on August 22, 1977. On this record we cannot determine whether there has been compliance with former CPLR 5206 relative to the $2,000 homestead exemption. We note that Special Term's determination as to the $10,000 homestead exemption was recited in its memorandum decision, but not in its order. We consider this omission merely a matter of form. Consequently, in determining this appeal, we have accorded the order the effect patently intended (see *Halloran v Virginia Chems.,* 41 NY2d 386). Damiani, J. P., Gibbons, Margett and Martuscello, JJ., concur.