**In re Arthur J. FEISS, and Frieda Feiss, Debtors.**

**Bankruptcy No. 881-82163-20.**

United States Bankruptcy Court, E. D. New York at Westbury.

Dec. 11, 1981.

Halpern, Halpern & Axelrod, P.C., Mineola, N. Y. by Christopher J. Badum, Westbury, N. Y., for Republic Nat. Bank of N. Y.

Sieck & Zelinka by Richard Zelinka, New York City, for debtors.

## MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

On June 25, 1981, Arthur and Frieda Feiss (the "debtors") filed a joint petition under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 1301 *et seq.* (Supp. IV 1980). Both debtors elected the New York State exemptions. Under the New York homestead statute,[1] they each claimed as exempt their respective interests in their residence which they owned as tenants by the entirety. Each valued this interest at over $10,-000 for a total claimed exemption of $20,-000. Based thereon, the debtors proposed a plan which would pay their unsecured creditors $5,546.16 over 36 months.[2]

---

1. Section 5206 of the Civil Practice Law and Rules (CPLR) provides in pertinent part:

    (a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
    1. a lot of land with a dwelling thereon,
    2. shares of stock in a cooperative apartment corporation,
    3. units of a condominium apartment, or
    4. a mobile home.
    But no exempt homestead shall be exempt from taxation or from sale for nonpayment of taxes or assessments.

    (b) Homestead exemption after owner's death. The homestead exemption continues after the death of the person in whose favor the property was exempted for the benefit of the surviving spouse and surviving children until the majority of the youngest surviving child and until the death of the surviving spouse.
    N.Y.Civ.Prac.Law § 5206(a), (b) (McKinney 1978 & Supp. 1980-1981).

2. The debtors valued their residence at $52,500. There was an outstanding mortgage of $27,-731.38 leaving them with $24,768.62 in equity. The $20,000 claimed exemption left $4,768.62 of such equity subject to distribution should there be a Chapter 7 liquidation.

Republic National of New York ("Republic"), an unsecured creditor, objected to the plan, arguing that the total, maximum exemption under CPLR 5206 is $10,000; that the joint estate is therefore $10,000 larger than the debtors have projected; and that consequently, the proposed plan is defective in that it does not provide for the payment to the unsecured creditors of at least as much as they would receive under a Chapter 7 liquidation. *Cf.* 11 U.S.C. § 1325(a)(4).[3]

The debtors' position is that the Code allows each debtor in a joint case to independently elect either the federal or state system federal or state system of exemptions; that they each elected the New York system; and that under CPLR 5206, each is entitled to exempt his or her $10,000 interest in the residence.

For the reasons hereinafter stated, the Court rules for Republic.

## Discussion

It is certainly true that debtors in a joint case may independently elect the federal or state system of exemptions. *Id.* 11 U.S.C. § 522(m). Where the debtors have chosen the state system, however, the threshold inquiry must be into what they are entitled to thereunder.

The debtors argue that they may each exempt their $10,000 equity in their home under CPLR 5206. Republic, on the other hand, maintains that the homestead exemption provided for by CPLR 5206 is a $10,000 maximum per family exemption. Consequently, they argue, a $20,000 exemption would be invalid under New York law.

3. Republic contends further that CPLR 5206 is unavailable to either debtor under the authority of *Wyoming County Bank & Trust Company v. Kiley*, 75 A.D.2d 477, 430 N.Y.S.2d 900 (4th Dep't 1980). In that a Chapter 13 proceeding requires a hypothetical liquidation under Chapter 7 wherein all of the debtors' non-exempt assets would be reduced to cash and distributed to the creditors, B. Weintraub, A. Resnick, *Bankruptcy Law Manual* ¶ 9.14[4] (1980); *see* 11 U.S.C. §§ 704, 726, the Court finds the instant proceeding more nearly an action involv-

## CPLR 5206

CPLR 5206 was derived from the Homestead Act of 1850. *In re Estate of Galcia*, 59 Misc.2d 511, 513, 299 N.Y.S.2d 723, 725 (Sur.Ct.1969); *see* Homestead Act of 1850, ch. 260 [1850] N.Y.Laws 499 (replaced by the Code of Civil Procedure 1876). The Homestead Act provided that a lot of land with one or more buildings thereon not exceeding $1000 in value owned and occupied as a residence by a "householder having a family" could be exempted from an execution by recording a designation so specifying in the appropriate County Clerk's office. *Id.* A "householder", however, had been defined as "the head, master, or person who has charge of, and provides for, a family," *Bowne v. Witt*, 19 Wend. 475, 475 (Sup.Ct.1838), who was irrebuttably considered to be the man. Eleventh Ann.Rep. N.Y.Jud. Council 267, Leg.Doc. # 15 (1945).[4] Accordingly, the separate property of a woman was not subject to exemption even if she were the breadwinner of the family or even a sole parent. *Id.*

This situation was remedied in 1876 by the adoption of the Code of Civil Procedure. Ch. 448 [1876] N.Y.Laws 1 *et seq.* (replaced by the Civil Practice Act 1920). Section 1397 thereof maintained the householder exemption of the Homestead Act. Section 1399, on the other hand, extended the identical exemption to a married woman. Consequently, as of 1876, it has been theoretically possible for a married couple to argue for a "double" exemption.

Accordingly, the Court has researched the law of New York to determine how the New York courts have determined this issue.

ing the enforcement of a money judgment than an equitable foreclosure action. Accordingly, the Court rejects Republic's argument and holds CPLR 5206 generally applicable to the instant proceedings.

4. Accordingly, the language "having a family" was deleted in 1946 as being superfluous. Ch. 135 [1946] N.Y.Laws 302, 303; Eleventh Ann. Rep.N.Y.Jud. Council 270, Leg.Doc. # 15 (1945).

Interestingly, the Court has been able to discover only a handful of New York decisions touching on any aspect of the homestead exemption from 1850 until the present time. Moreover, half of these decisions predate 1876.[5] Finally, what little case law there is indicates only that the property claimed must be owned and used as a residence, *In re Estate of Galcia*, 59 Misc.2d 511, 513, 299 N.Y.S.2d 723, 725 (Sur. Ct.1969); that the exemption is personal to the claimant, *Smith v. Brackett*, 36 Barb. 571, 574 (App.Div.1862), which means only that a transferee of the property cannot claim the benefit of the transferor's exemption, *id.*; that it is claimed for the benefit of the family and therefore is not waivable, *Robinson v. Wiley*, 15 N.Y. 489, 492 (1957); that the exemption is effective only against an execution on a money judgment and not in an equitable foreclosure proceeding, *Wyoming County Bank & Trust Company v. Kiley*, 75 A.D.2d 477, 430 N.Y.S.2d 900 (4th Dep't 1980); and that where the property is held by the entirety, either spouse may claim the full exemption, *Perry v. Zarcone*, 98 Misc.2d 899, 414 N.Y.S.2d 604 (Sup.Ct. 1979), *rev'd on other grounds*, 77 A.D.2d 881, 431 N.Y.S.2d 50 (2d Dep't), *appeal dismissed*, 52 N.Y.2d 785, 417 N.E.2d 1010, 436

N.Y.S.2d 622 (1980). The question, however, as to whether both spouses may simultaneously claim this exemption, thereby doubling it, has apparently not been passed upon by the New York courts.

The Court must therefore decide this issue, which evidently is one of first impression in New York,[6] as it anticipates the New York courts would have ruled had they been presented with the question.

The traditional wisdom regarding exemptions is that a family can have but one homestead. 31 Am.Jur.2d, *Exemptions* § 12 (1967); Foster, *The Nebraska Homestead*, 3 Neb.L.Bull. 109, 126–27 (1924); *see, e.g., Ness v. Jones*, 10 N.D. 587, 88 N.W. 706, 708 (1901).

As an innovation, the National Conference of Commissioners of Uniform State Laws (the "National Conference") proposed a new $10,000 homestead exemption. Under this statute, where the property is used by multiple owners, the National Conference proposed allowing multiple homesteads; but the aggregate of such was not to exceed $20,000. Uniform Exemption Act § 4.[7]

When New York revised CPLR 5206 in 1977,[8] the Legislature was aware of this

---

**5.** This dearth of authority, one commentator explained, resulted from the recording requirement of the statutes. In other words, the statutes required that the designation of exemption be recorded, and provided further that such recordation was effective only as against debts contracted thereafter. In that most homeowners were apparently unaware of this requirement, the benefit of the exemption was lost to many. Haskins, *Homestead Exemptions*, 63 Harv.L.Rev. 1289, 1300–01 (1950); *see* Memorandum of the State Executive Department, *reprinted in* [1977] N.Y.Laws 2305, 2307 (McKinney); *see, e.g., In re Lightstone*, 253 F. 456 (W.D.N.Y.1918); *In re Russo*, 1 B.R. 369 (Bkrtcy., E.D.N.Y.1979); *Perry v. Zarcone*, 77 A.D.2d 881, 431 N.Y.S.2d 50 (2d Dep't), *appeal dismissed*, 52 N.Y.2d 785, 417 N.E.2d 1010, 436 N.Y.S.2d 622 (1980). *But see Cook v. Newman*, 8 How.Pr. 523 (Sup.Ct.1852).

**6.** In *In re Russo*, 1 B.R. 369 (Bkrtcy., E.D.N.Y. 1979), the issue was raised but not addressed. *Id.* at 384, 386.

**7.** Section 4 of the Uniform Exemption Act provides in pertinent part:

(a) An individual is entitled to an exemption as a homestead of his interest in property in this State used as a home by him or his dependents, but the value of the homestead exemption may not exceed $10,000.

(b) If property owned jointly, by the entirety, in common, or as community property is used by one or more individual owners or their dependents as a home, each owner is entitled to a homestead exemption of his interest in the property as provided in subsection (a). The aggregate value of multiple homestead exemptions allowable with respect to a single living unit may not exceed $20,000. If there are multiple owners of property exempt as a homestead, the value of the exemption of each individual owner may not exceed his aliquot portion of $20,000. Uniform Exemption Act § 4(a), (b).

**8.** CPLR 5206 was also amended in 1976 by substituting "any person" for "a householder or a woman." L.1976, ch. 129. The purpose of this amendment was to provide male nonhouseholders with same exemptions as women and male householders so as not to offend the equal protection clause of the Constitution.

proposal. *See* Memorandum of Office of Court Administration, *reprinted in* [1977] N.Y.Laws 2612, 2612–13 (McKinney). Furthermore, the language of this Memorandum indicates that this proposal was considered to be a novel approach vis-a-vis New York law. *Id.* at 2613. Nonetheless, CPLR 5206 was amended to reflect this new $10,000 maximum. Moreover, as the Uniform Act had suggested, *see* Uniform Exemptions Act § 4(c) and Comment (4), cooperatives, condominiums and mobile homes were made the proper subjects of exemption. L.1977, ch. 181; L.1980, ch. 717. Lastly, the recording requirement was dropped. Otherwise, however, the basic format of the prior statute was retained. *Compare* CPLR 5206(a), (b) *with* Uniform Exemption Act § 4(a), (b). It must therefore be concluded that the New York Legislature considered and rejected the proposal that multiple homestead exemptions should be allowed, opting instead to retain the traditional one homestead per family rule.

### Federal Law

As an alternate argument, the debtors rely on *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir. 1981) for the proposition that to deny the full $10,000 exemption to each debtor would violate federal law as being inconsistent with section 522(m) of the Code.

In *Cheeseman*, the Fourth Circuit recently held that both a husband and wife could claim the Virginia homestead exemption thereby "doubling" it. The *Cheeseman* Court felt that that construction was mandated by the supremacy clause of the Constitution on the grounds that a contrary construction would leave one debtor without any significant exemptions in contravention of both the letter and spirit of the Bankruptcy Code. *Id.* at 63–64.

Without agreeing or disagreeing with this analysis, the Court finds the instant case distinguishable on a crucial point. Virginia had availed itself of section 522(b)(1) and prohibits their debtors from electing

Memorandum of the Law Rev.Com., Leg. Doc.No. 65A (1976), *reprinted in* [1976] N.Y.

the federal exemptions. *Id.* at 62. Consequently, if a Virginia debtor were to be denied the Virginia exemptions, he would be left with no exemptions.

This, of course, is not the circumstance in New York where debtors may still elect the federal exemptions. Accordingly, a finding of the unavailability of a New York exemption raises no constitutional issues and is well within the realm of possibilities contemplated by Congress when drafting the Code. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 126–27 (1977), *reprinted in* [1978] U.S.Code & Ad.News 5787, 5963, 6087–88.

### Conclusion

In that the debtors have claimed as exempt $10,000 more than they are entitled to under New York law, their plan is defective and cannot be confirmed. *See* note 2 *supra.* Accordingly, the Court grants the debtors 30 days from the date hereof to submit an amended plan.

SO ORDERED.