**In re Jonathan B. BROOKS and Barbara K. Brooks, Debtors.**

**Bankruptcy No. 83 B 20092.**

United States Bankruptcy Court,
S.D. New York.

June 22, 1983.

Teitelbaum & Gamberg, P.C., New York City, for trustee.

Joseph J. Durkin, Peekskill, N.Y., for debtors.

**DECISION ON TRUSTEE'S MOTION TO REDUCE DEBTORS' HOMESTEAD EXEMPTION TO $10,000.**

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in this joint Chapter 7 case filed pursuant to 11 U.S.C. § 302 of the Bankruptcy Reform Act of 1978, objects to the debtors' doubling of the New York homestead exemption to the sum of $20,000 instead of limiting the exemption for real property occupied as a principal residence to the $10,000 value expressed in New York CPLR § 5206.

■ The debtors are a husband and wife who filed a joint petition in bankruptcy

with this court on February 18, 1983. The trustee served notice upon the debtors' attorney that she sought an order reducing the debtors' homestead exemption to $10,000 from $20,000. The trustee's objection is prompted by the fact that New York opted out of the uniform scheme of specific federal exemptions in accordance with 11 U.S.C. § 522(b), which specifically authorizes any state to deny its bankruptcy debtors the opportunity to choose the federal bankruptcy exemption items. At least thirty-six states have already opted out of the federal alternative. See *Koffler, The Bankruptcy Clause and Exemption Laws: A Reexamination of the Doctrine of Geographic Uniformity,* 58 N.Y.U. Law Review 22, (April, 1983). The New York Legislature has amended the Debtor and Creditor Law by enacting a new Article 10–A entitled Personal Bankruptcy Exemptions. Section 282 of Article 10–A allows a debtor who files a Bankruptcy petition after September 1, 1982 to exempt a homestead in accordance with CPLR § 5206, which reads as follows:

"§ 5206. Real property exempt from application to the satisfaction of money judgments.

(a) Exemption of homestead. *Property* of one of the following types, *not exceeding ten thousand dollars* in value above liens and encumbrances, owned and occupied as a *principal residence, is exempt* from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

1. a lot of land with a dwelling thereon, . . ." [Emphasis added]

Although New York opted out of the federal exemption scheme, effective September 1, 1982, all debtors previously had the right to opt out by electing the state exemptions rather than choosing the federal exemptions under Code § 522(d) because this alternative is specifically provided for under Code § 522(b)(1) and (2). Thus, whether or not joint debtors may double the state allowed exemption for property not exceeding $10,000 in value was previously posed in *In re Feiss* 15 B.R. 825 (Bkrtcy E.D.N.Y.1981) even prior to the time when

New York State opted out of the federal exemptions. Although the issue arose in the context of a Chapter 13 case, which involved satisfying the confirmation standard under Code § 1325(a)(4) by providing not less than creditors would receive under a Chapter 7 liquidation, Bankruptcy Judge Hall concluded that a family can have but one homestead and that multiple homestead exemptions would not be allowed under N.Y. CPLR § 5206. Indeed, there is no authority under New York law for permitting a husband and wife, as joint debtors, to claim double homestead exemptions for nonbankruptcy purposes. This is so because the state homestead exemption attaches to the property itself and is measured in terms of the value of the property and is not based upon a cash allowance. Thus, N.Y. CPLR § 5206 does not say that each debtor may have an exemption up to $10,000 applicable to a principal residence. Instead, the exemption applies only to an interest in property occupied as a principal residence. When both husband and wife occupy the same principal residence they each have only one homestead, not two. See *In re Davis,* 329 F.Supp. 1067 (D.C.Mich.1971).

When New York opted out of the federal exemption scheme, effective September 1, 1982, it did not change the allowable homestead; it continued as before for property occupied as a principal residence not exceeding $10,000 in value. Therefore, the *Feiss* decision supra, where the parties voluntarily opted for the state homestead exemption, should, for consistency purposes, apply with equal vigor when the election is no longer left to the parties because the state has opted out of the federal exemption package. However, the same court reversed itself and allowed a double homestead exemption aggregating $20,000 to a husband and wife who filed as joint debtors in *In re Webb,* 29 B.R. 280 (Bkrtcy E.D.N.Y. 1983). The *Webb* court reasoned that the New York Legislature intended that joint debtors filing bankruptcy after September 1, 1982 could aggregate their homestead exemption. This conclusion was not based upon any substantive change in the lan-

guage of the state exemption statute; indeed there was no such change. Instead the court relied upon some loose colloquy between two state legislators. However, there is no statutory language or any other basis for concluding that the New York homestead exemption is to operate differently for bankruptcy purposes, so as to allow a $20,000 exemption for husbands and wives who are joint debtors, but only allow a $10,000 homestead exemption for nonbankruptcy purposes involving executions on money judgments. Two Bankruptcy Courts in New York, in addition to the *Webb* court supra, have allowed joint debtors to claim homestead exemptions up to $20,000 under New York CPLR § 5206 in the belief that this conclusion is compelled by Code § 522(m). In the case of *In re Rizzo,* 21 B.R. 913 at 915 (Bkrtcy W.D.N.Y.1982) the court expressed this point as follows:

"... [I]n the bankruptcy context 11 U.S.C. § 522(m) provides the answer and is paramount to State law. New York law permits a $10,000 exemption to a debtor against his creditors. Therefore, 11 U.S.C. § 522(m) permits joint debtors to each claim a $10,000 exemption on their own estate, for an aggregate of $20,000 against the whole of their combined equity."

Similarly, in *In re Pearl,* 28 B.R. 492, 10 B.C.D. 437 at 439 (Bkrtcy E.D.N.Y.1983), the court stated:

"However, as the § 522(m) requirement is independent of the opt-out statute, the state cannot relieve itself of its obligation to provide each joint debtor with its designated exemption."

The court also said (28 B.R. 492, 10 B.C.D. at page 440):

"This statement indicates that the design of the law was to supplement rather than frustrate the federal purpose. In doing so, it can only be concluded that the opt-out statute is to be read as giving this Court license to employ the New York exemptions in a manner which will advance the § 522(m) policy."

However, Code § 522(m) merely says: "This section [Code § 522] shall apply separately with respect to each debtor in a joint case." It permits a doubling of the federal exemptions under Code § 522(d) for joint debtors because the federal exemption under Code § 522(d) is in the nature of a cash allotment for each debtor of $400 under subsection (5) plus any unused amount of the $7500 exemption under subsection (1), for a total not exceeding $7900 which may be applied by each debtor to any type of property, including cash.

Unlike the federal exemption, the New York homestead exemption is tied to specific real property owned and occupied as a principal residence not exceeding $10,000 in value. Where the property is held by the entirety, either spouse may claim the full exemption. *Perry v. Zarcone,* 98 Misc.2d 899, 414 N.Y.S.2d 604 (Sup.Ct.1979) rev'd on other grounds, 77 A.D.2d 881, 431 N.Y.S.2d 50 (2nd Dept.1980) appeal dismissed, 52 N.Y.2d 785, 417 N.E.2d 1010, 436 N.Y.S.2d 622 (1980). Bankruptcy Code § 522(m), in declaring that the exemptions "shall apply separately with respect to each debtor in a joint case" merely reinforces the New York rule that either spouse may claim a full exemption for their residence. Thus, each spouse may claim the full $10,000 homestead exemption against his or her creditors. The $10,000 figure is applied separately against each spouse's homestead equity and is not doubled to arrive at two homesteads totalling $20,000. In *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir.1981), the bankruptcy trustee objected to Mrs. Cheeseman claiming a homestead exemption because her husband was the head of the family under Virginia law and therefore she did not qualify as a "householder". The Fourth Circuit Court of Appeals rejected this argument, preferring a construction of the Virginia statute that permits any individual who contributes to the maintenance of a residence to be a householder. The court observed that a construction "that allows only one exemption per residence ... has the very real potential of discouraging couples in financial trouble from weathering the storm together." The court concluded that this result was man-

dated by Code § 522(m), which allows separate exemptions to spouses and said (p. 64):

"If we were to permit a construction of Virginia law that allows only one householder per residence, the construction would be inconsistent with section 522(m) of the Act, which we interpret as allowing each debtor in a joint case to take some exemptions, whether the amount is determined by state or federal law."

That jointly filing spouses may have separate exemptions does not mean that the exemptions must be doubled. Real property occupied as a principal residence or homestead carries with it one $10,000 exemption under N.Y. CPLR § 5206. If a husband and wife jointly own the homestead they may jointly share the $10,000 exemption. There is no authority under New York law for according a family more than $10,000 for the same property with respect to which the homestead exemption relates. See *In re Feiss,* supra.

If Mr. Brooks had filed bankruptcy individually, he would have been entitled to claim the N.Y. CPLR § 5206 $10,000 exemption for the real property occupied as the family residence. If the trustee sold the property, Mr. Brooks' $10,000 exemption in the equity would belong to him. Thereafter, if Mrs. Brooks filed a bankruptcy petition individually there would be no homestead exemption for the property because it would have been previously sold. The $10,000 exemption could then apply only to any new homestead property purchased after the sale of the earlier homestead. If instead of selling the property the trustee had abandoned the original home-

stead to Mr. Brooks because the homestead exemption wiped out any surplus equity for the estate, Mrs. Brooks could also claim the $10,000 exemption in her subsequent individual bankruptcy case. This would be consistent with the allowance of a $10,000 exemption for specific property occupied as a homestead. That the same $10,000 exemption was used as a shield twice does not mean that there were two homestead exemptions in the aggregate of $20,000. Therefore, when Mr. and Mrs. Brooks filed a joint bankruptcy petition, each debtor was allowed under Code § 522(m) to assert separately a $10,000 homestead exemption against his or her creditors. This procedure is precisely what each debtor could have done separately. Only one homestead exemption, not exceeding $10,000 for a specific homestead, is available to each debtor. The result is that the two debtors do not double the homestead exemption *for* the same residence and arrive at a $20,000 figure. Thus, when the full value of the same property is included in each debtor's schedules such debtor may claim the full $10,000 exemption for the homestead. If each debtor claims only one half of the value of the residence, then each debtor may only claim one half of the $10,000 homestead exemption available for the entire property. The point is that the $10,000 state homestead exemption rides with the homestead and is not in the nature of a cash allowance to a debtor as under Code § 522(d)(5). Each debtor may claim separately the $10,000 real property exemption with respect to the entire homestead, but only one real property homestead exemption exists and it is not arrived at cumulatively.[1]

1. It may be helpful to illustrate the foregoing discussion:

Assume that H and W (spouses) owned a house valued at $100,000, encumbered by a mortgage lien of $50,000. If the couple filed a joint bankruptcy petition under Chapter 7 and the trustee sold the home for $100,000 and paid the mortgagee, there would be a $50,000 equity against which the debtors could apply their homestead exemption:

```
$100,000
  50,000  mortgage
$ 50,000  equity
  10,000  homestead exemption
$ 40,000  available for creditors
```

Both spouses are asserting the homestead exemption, but it is a single $10,000 exemption that "floats" between them and derives from *one* piece of real estate.

The same principle should apply under Code § 522(f) with respect to avoiding judicial liens or nonpossessory, nonpurchase-money security interests to the extent that such liens impair allowable exemptions. Each jointly filing spouse may claim separately the N.Y. CPLR § 5206 homestead exemption of $10,000 for a homestead, but not cumulatively for $20,000.

If the New York Legislature intended that for bankruptcy purposes a husband and wife may aggregate the homestead for a value of $20,000, or that the $10,000 value for a homestead, as presently expressed in N.Y. CPLR § 5206, should only apply in nonbankruptcy cases, different language would have to be employed than is now expressed in N.Y. CPLR § 5206. There is no conflict between Code § 522(m) and N.Y. CPLR § 5206. Each spouse may separately assert the same $10,000 homestead for the family homestead and if the property is sold, the same $10,000, whether assert-ed by the husband or the wife, may be preserved pursuant to N.Y. CPLR § 5206.

In *First National Bank of Mobile v. Norris*, 701 F.2d 902, 10 B.C.D. 473 (11th Cir. 1983), the Eleventh Circuit Court of Appeals believed that Code § 522(m) should apply only as to Code § 522(d), where the federal exemption package applies, and should not apply to the Alabama opt-out provisions because Code § 522(m) "conflicts with the Alabama provision allowing only one homestead exemption to joint debtors" (701 F.2d 902, 10 B.C.D. at p. 476). This conclusion is unnecessary because Code § 522(m) can not be read out when a state opts-out of the federal scheme because the opt-out provision replaces only the federal exemptions under Code § 522(d). There is no opt-out with regard to the rest of Code § 522. The other federal exemptions under Code § 522(b)(2)(A) remain available as does the exemption for joint interests under Code § 522(b)(2)(B), notwithstanding an

Those who support a doubling of the homestead exemption for an allowance of $20,000, might be tempted to view the situation as follows:

```
        $100,000
         50,000  mortgage
        $ 50,000 equity
    _____        _____
$25,000   H                   $25,000   W
 10,000  homestead exemption   10,000  homestead exemption
$15,000                       $15,000
            $30,000  available for creditors
```

This view is incorrect for two reasons:

a) an interest in a tenancy by the entirety is an undivided interest in the whole, which would prevent the splitting of the $50,000 equity into two equal halves for purposes of calculating the exemption.

b) allowing each spouse to deduct separately $10,000 *each* (for the same property) from their equity share is applying the exemption as a *cash* exemption, rather than a single $10,000 exemption attributable to one specific piece of real property.

If spouse H files bankruptcy *individually,* for example, under Chapter 13, and claims his homestead exemption, the result is similar to the first example above where the debtors filed jointly:

```
$100,000
  50,000  mortgage
$ 50,000  equity
  10,000  homestead exemption
$ 40,000  (to be distributed according to the
           interests of the spouses, pursuant to
           Code § 363(j), with H's interest made
           available to his creditors)
```

(in a Chapter 13, where a house is not sold, exemptions are used to determine whether the particular Chapter 13 plan meets the confirmation standard under Code § 1325 as to whether creditors will receive more in the Chapter 13 case than under a Chapter 7 liquidation.)

If spouse W files a subsequent individual Chapter 13 case, *she also* may assert the $10,000 homestead exemption (the house was not sold in H's earlier Chapter 13 case):

```
$100,000
  50,000  mortgage
$ 50,000  equity
  10,000  homestead exemption
$ 40,000  (to be distributed according to the
           interests of the spouses, pursuant to
           Code § 363(j), with W's interest made
           available to her creditors)
```

Thus, the homestead exemption shield will have been asserted twice, but it has not been applied cumulatively for a $20,000 exemption against the $50,000 equity. It has been applied separately by each spouse for a single $10,000 exemption on the property each time, and the sum remaining for distribution is $40,000 each situation.

opt-out. Indeed, Code § 522(b)(1) must apply in order to authorize the opt-out. Thus, all of section 522 is not nullified by opt-out, as indicated in *First National Bank of Mobile,* supra, and therefore Code § 522(m) should continue to be applicable even after opt-out. Contrary to the view held in *Mobile,* the fact that section 522(m) allows separate federal homestead exemptions to debtors in a joint case does not conflict with a state provision of allowing only one homestead exemption to joint debtors. Each joint debtor may claim the same homestead exemption separately for the same real property, but the value of the exemption is not cumulative. The same value may be used by either spouse as often as is necessary against his or her creditors, but when the real property is finally sold at a forced sale only one homestead exemption is available to the joint debtors from the proceeds of the sale. See, *In re Bartlett,* 24 B.R. 605 (Bkrtcy.App. 9th Cir.1982).

Accordingly, the trustee's objection to the cumulative $20,000 homestead exemption claimed by the debtors in this case under N.Y. CPLR § 5206 is sustained.

SUBMIT ORDER on notice.