OPINION OF THE COURT
Harry Edelstein, J.
The petitioners, the City of Poughkeepsie, and the members of the Common Council of the City of Poughkeepsie, have applied to this court pursuant to CPLR article 78 for an order compelling the respondents, the County of Dutchess, the Dutchess County Legislature, and Dutchess Elections Commissioners et al., to accept the petitioners’ replacement to fill a vacancy in the 12th County Legislative District. The respondents, excluding, the members of the elections commission, have opposed the application and cross-claimed for an order requiring the elections commissioners to conduct a special election.
The facts underlying this proceeding as stated in the petition and cross claim are as follows: Dutchess County Legislator Frederick D. Knapp, Jr., changed his residence to a location outside his legislative district in late May, 1983. However, Mr. Knapp continued to serve as a member of the legislature after that date. In June, 1983, he tendered a letter of resignation from the legislature, effective July 18, 1983. The clerk of the Dutchess County Legisla *1025 turc notified the Common Council of the City of Poughkeepsie, that, pursuant to section 2.13 of the county charter, it had 30 days from July 18, 1983, in which to fill the vacancy. On August 15, 1983, the common council did fill the vacancy by appointing Sheena Hawkins to the position. However, on August 22,1983, the respondent county legislature refused to recognize Ms. Hawkins as a member of the legislature, and on August 24, 1983, the clerk of the legislature advised the elections commissioner that a special election was authorized since the legislative vacancy had not been filled within 30 days of its occurrence.
The position of the legislature in rejecting the appointment of Ms. Hawkins and authorizing a special election is based upon their belief that the vacancy occurred in late May, 1983, when Mr. Knapp moved outside his district. It appears that information concerning the true date that Mr. Knapp moved or the significance of such a move, was not brought to the attention of the legislature until more than 30 days had passed from the date he moved. The respondents allege that section 2.13 of the county charter permits the common council to make an appointment only within 30 days of the date a vacancy occurs, without regard to whether the affected parties are aware that such a vacancy exists. Once the 30 days has passed, the respondents contend that the only way the charter permits the vacancy to be filled is by a special election.
Section 2.13 of the Dutchess County Charter provides as follows:
“A vacancy in the membership of the County Legislature shall be filled during the first thirty (30) days after its occurrence as follows:
“(a) in a district lying wholly within the boundaries of one town or city, by a majority vote of the board or council governing said town or city * * *
“In the event such vacancy is not filled as hereinabove provided during the first thirty (30) days after its occurrence, a special election shall be held in the district wherein such vacancy shall have occurred. The person elected at such special election shall take and file his oath of office pursuant to law, and shall be entitled to take his *1026 seat on the County Legislature at its next meeting and shall serve for the unexpired term.”
Section 30 (subd 1, par d) of the Public Officers Law specifies that
“Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof * * *
“d His ceasing to be an inhabitant of * * * the political subdivision, or municipal corporation of which he is required to be a resident when chosen”.
Mr. Knapp’s office became vacant, pursuant to the Public Officers Law, when he changed his residence. However, this fact does not resolve the question as to the effect of the change of residence on the common council’s right to make an appointment to fill that vacancy. Up until July 18, 1983, Mr. Knapp remained a working member of the Dutchess County Legislature, attending legislative sessions, and receiving compensation. Unless it is proven that an elected official has actually ceased to be a resident of his jurisdiction, his office may not be declared vacant and his salary may not be discontinued. (25 Opns St Comp, 1969, p 273.) The legislature relied upon Mr. Knapp’s letter of resignation in sending a notification to the common council, and the council relied upon that resignation and notification in making its appointment.
The Dutchess County Charter establishes a sequence and a preference in the method for filling a legislative vacancy. The charter directs the council to fill the vacancy within 30 days of its occurrence by stating that the vacancy shall be filled by the council. If the vacancy is not so filled, a special election is directed. By initially directing the council to make the appointment, the charter makes the appointment method the preferred way of filling the vacancy. It is not reasonable to believe that section 2.13 of the charter was enacted with the expectation that this preferred way could be eliminated, and the intent of the charter thwarted, by a set of unfortunate circumstances which permitted the 30-day time period to run before the council could act.
This preference is in accord with the rights of all citizens to have continuous representation in their legislature and *1027 the public policy of filling all legislative vacancies as quickly as possible. The rights of the citizens of the 12th County Legislative District are especially at risk under the present circumstances. The court has been informed that this district has been reapportioned and will cease to exist after December 31, 1983. Any delay caused by the holding of a special election inures to the detriment of the citizens of that district as their representation is absent until the vacancy is filled. Furthermore, the expenditure of county funds, time and energies in a special election to fill a legislative seat which will exist for less than three more months seems ludicrous to this court.
The basic consideration in the interpretation of a law is the general spirit and purpose underlying the enactment, and that construction is preferred which furthers the objective, spirit and purpose of the law. (Matter of Perry v Zarcone, 98 Misc 2d 899, mod on other grounds 77 AD2d 881; McKinney’s Cons Laws of NY, Book 1, Statutes, § 96.) The objective, spirit, and purpose of section 2.13 of the Dutchess County Charter is to initially allow the council time to fill a vacancy by appointment rather than directing a special election. Only in the event that the council fails to act does the alternate method of a special election become viable. It is inconsistent with this objective to bar the council from acting when the council was unaware that it could act. It is especially violative of the spirit of the charter to permit this result when the council acted in good faith, and in reliance upon the actions of the former legislator and the legislature itself.
Accordingly, this court grants the petition and finds that the Common Council of the City of Poughkeepsie appointed Ms. Sheena Hawkins to fill the vacancy in the 12th County Legislative District in a timely manner. The respondents herein are directed to accept Ms. Sheena Hawkins as the petitioners’ appointment to fill the vacant county legislative seat. The cross claim of the respondents to require a special election is denied.