PER CURIAM:
 

 On October 15, 1982, appellees, husband and wife Frederick and Josephine Pearl, filed a joint bankruptcy petition with
 
 *194
 
 the United States Bankruptcy Court for the Eastern District of New York, Boris Ra-doyevich, Judge. The question presented by this appeal
 
 [1]
 
 is whether it was proper for the bankruptcy court to allow the debtors-appellees, over the objection of creditor-appellant John T. Mather Memorial Hospital, to aggregate a New York State “homestead exemption,” and thus receive the benefit of a real property exclusion from their estate of up to a maximum of $20,000, rather than $10,000. We hold that it was proper to aggregate.
 

 The federal Bankruptcy Code gives a debtor the option to use his federal exemptions, 11 U.S.C. § 522(d) (1979), or his state exemptions, but he may not mix them. However, the option is not available if the state passes a law prohibiting election of the federal exemption.
 
 See
 
 3 Collier on Bankruptcy ¶ 522.09 (L. King 15th ed. 1981). Section 522(b)(2)(B) allows any exemption in the debtor’s interest in property as a tenant by the entirety or as a joint tenant if the debtor elects to take the state exemptions.
 
 Id.
 
 § 522.10. On May 17, 1982, New York State pursuant to § 522(b) “opted out” of the federal scheme. N.Y.Debt. & Cred.L. §§ 282-284 (McKinney Supp. 1982-1983). The exemptions listed in the Bankruptcy Code § 522(d) were specifically denied to the debtor domiciled in the state, N.Y.Debt. & Cred.L. § 284, and in their place the opt-out statute stated that debtors might exempt personal and real property exempt from application to the satisfaction of money judgments under N.Y.Civ.Prac.L. §§ 5205 & 5206 (McKinney 1978 & Supp. 1982-1983).
 

 Section 5206 of the Civil Practice Law and Rules is New York’s “homestead exemption.” It provides, in relevant part:
 

 (a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
 

 1. a lot of land with a dwelling thereon ....
 

 When the Pearls filed their bankruptcy petition, their accompanying schedules included an exemption of $20,000 equity in ■their homestead. The Pearls had, in other words,
 
 each
 
 claimed the $10,000 exemption of § 5206, and it was to this aggregation that appellant did, and continues to, object.
 

 Since the federal Bankruptcy Code expressly defers to the state law of exemptions, the question thus presented is whether, as a matter of state law, the New York opt-out statute, adopting § 5206, allows aggregation. The court below, while finding for the debtor, first found a conflict between the state and federal enactments, and then engaged in an elegant, if not wholly persuasive, reconciliation of the state and federal statutes. Since we find that the New York legislature intended to allow each of two joint debtors to claim the benefit of the $10,000 exemption, consistent with the federal scheme, we have no need to attempt to resolve a possible federal-state conflict, nor do we think the attempt was called for below.
 

 Section 5206 is the descendant of New York’s Homestead Act of 1850.
 
 In re Feiss,
 
 15 B.R. 825, 826 (Bkrtcy.E.D.N.Y.1981). In 1981, Bankruptcy Judge Hall of the Eastern District of New York conducted a thorough examination of the provision and concluded that it did
 
 not
 
 permit aggregation.
 
 Id.
 
 at 826-28.
 

 When, in 1982, however, the New York State legislature passed the opt-out statute, it evidenced a new intention to allow aggregation under § 5206. It is interesting to note that in 1983 Judge Hall reconsidered his decision in
 
 In re Feiss
 
 in light of the
 
 *195
 
 opt-out statute, and also concluded, primarily on the strength of legislative history, that the purpose of the legislature was to permit both debtors to claim the § 5206 exemption.
 
 In re Webb,
 
 29 B.R. 280, 283 (Bkrtcy.E.D.N.Y.1983).
 

 This purpose is made plain by the language of § 282 which states that “an
 
 individual
 
 debtor domiciled in this state may exempt” (emphasis added) property exempt pursuant to § 5206, as well as by the legislative history of the opt-out statute noted by Judge Hall. A memorandum in support of the proposed legislation prepared by one of its sponsors announced that the bill would make “modifications” in the New York law of exemptions, and as one exchange from the debate on the bill demonstrates, one such modification was to permit joint debtors to aggregate:
 

 Mr. Saland: George, I am not a bankruptcy practitioner. Maybe you can help me. Assume the following: Assume that I own a home jointly with my wife. I have a $50,000 mortgage, and I have $30,-000 in equity. Assuming that I file for bankruptcy, does the trustee sell the house and am I entitled to $20,000 under the joint bankruptcy and any equity that exceeds the $20,000 goes into the kitty?
 

 MR. Friedman: Theoretically, that could happen. What normally happens, Steve, is that the bankrupts work out an arrangement with a trustee so that they are able to remain in the house. In your case, if both you and your wife filed the petition in bankruptcy, most courts would agree that you are entitled to a $20,000 exemption, two times the ten, and you would go to the bankruptcy trustee and say, “As far as the equity over and above the exemption, we will work something out with you, and pay it off over a limited period of time,” and remain in the house. As a matter of fact, Steve, I have never seen a bankrupt kicked out of a home under normal circumstances like that.
 

 Report of Proceedings in New York Assembly, May 17, 1982, at 5364-65, cited in
 
 In re Webb,
 
 29 B.R. at 283 n. 4.
 

 The purpose of the New York legislation was clearly to provide joint debtors the opportunity to make a “fresh start” with a $20,000 homestead exemption. Accordingly, we affirm.
 

 Judgment affirmed.
 

 [1]
 

 . This case comes to us directly from the Bankruptcy Court by stipulation. 28 U.S.C. § 1293(b).
 
 See Maiorino v. Branford Sav. Bank,
 
 691 F.2d 89 (2d Cir.1982). Under
 
 Maiorino,
 
 to be so appealable the Bankruptcy Court’s order must be “final.”
 
 See generally
 
 1 Collier on Bankruptcy ¶ 3.03[7](d)(iii) (L. King 15th ed. 1982). We believe that a decision granting or denying an exemption is final for this purpose.