**In re Brian MILLER & Cindy Miller, Debtors.**

**Bankruptcy No. 93 B 21879 (HS).**

United States Bankruptcy Court, S.D. New York.

May 25, 1994.

Thomas A. Blumenthal, New York City, for debtors.

Jeffrey L. Sapir, White Plains, NY, for Chapter 7 Trustee.

*DECISION ON TRUSTEE'S MOTION TO REDUCE DEBTORS' AUTOMOBILE EXEMPTION TO $2,400*

JEFFRY H. GALLET, Bankruptcy Judge.

*THE MOTION*

The debtors, husband and wife, each claim a motor vehicle exemption in the amount of

$2,400 pursuant to § 282(1) of the New York State Debtor and Creditor Law in the same 1988 Toyota Camry, which is titled solely in the wife, for a total exemption of $4,800. The Chapter 7 trustee objects to the exemption arguing that § 282(1) provides only for the exemption of $2,400 and that such amount may not be aggregated in the case of joint debtors and that, in any event, the exemption is unavailable to a non-owner.[1]

## THE LAW

### "Stacking" of Exemptions

■ Section 522(b) of the Bankruptcy Code provides that the individual states may "opt-out" of the federal exemption scheme and replace it with their own. 11 U.S.C. § 522(b). The State of New York "opted-out" and enacted Article 10–A of the New York Debtor and Creditor Law to establish personal bankruptcy exemptions. *See*, N.Y. Debt. & Cred. Law §§ 282–84 (McKinney 1990).

Section 282 of Article 10–A provides that "an individual debtor domiciled in this state may exempt from the property of the estate ... [o]ne motor vehicle not exceeding twenty-four hundred dollars in value above liens and encumbrances of the debtor." The debtors argue that this section allows them to *each* claim an exemption of $2,400. The Chapter 7 trustee counters that section 282 allows only a single exemption of $2,400 for the joint debtors.

■ Although section 522(b) allows states to "opt-out" of the federal exemption scheme embodied in section 522(d), the remaining provisions of section 522 nevertheless continue to apply even to those states which have "opted-out." *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981); *In re Brooks*, 31 B.R. 302, 306 (Bankr.S.D.N.Y. 1983); *In re Pearl*, 28 B.R. 492, 494 (Bankr. E.D.N.Y.1983); *But see, First National Bank of Mobile v. Norris*, 701 F.2d 902 (11th Cir.1983); *In re Wilson*, 22 B.R. 146, 148 (Bankr.D.Or.1982). One such subsection remaining operative is section 522(m) which

provides that: "[Section 522] shall apply separately with respect to each debtor in a joint case." 11 U.S.C. § 522(m). In addition, I note that 11 U.S.C. § 302, which allows joint filing, has only procedural effect with the result that, although a husband and wife file jointly, they remain two separate debtors. *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y.1983).

Whether § 522(m) mandates that joint debtors be given double the exemptions provided under state law or solely applies to states which have not "opted out" of the federal scheme had long been a subject of contention. *See e.g., Cheeseman*, 656 F.2d at 60; *Norris*, 701 F.2d at 902; *Pearl*, 28 B.R. at 492; *Wilson*, 22 B.R. at 146. The Second Circuit, however, has held that the legislative history of New York's "opt-out" statute indicates the legislature's intent to permit joint debtors to stack their state homestead exemptions. *John T. Mather Memorial Hospital Inc. v. Pearl*, 723 F.2d 193, 194–95 (2d Cir.1983). See also, *In re Webb*, 29 B.R. 280, 283–84 (Bankr.E.D.N.Y.1983).

■ Although the legislative history relied on in *John T. Mather* referred to the New York State homestead exemption, the court's reasoning is persuasive on the issue before me and in accord with both federal and New York policy of liberally interpreting exemption statutes in favor of debtors so that the "fresh start" aims of the Bankruptcy Code are met. *Porter v. Aetna Casualty and Surety Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962); *In re Ageton*, 14 B.R. 833 (Bankr.9th Cir.1981); *In re Arnold*, 33 B.R. at 767; *Perry v. Zarcone*, 98 Misc.2d 899 (Sup.Ct. Suffolk Co.1979), *modified on other grounds*, 77 A.D.2d 881, 431 N.Y.S.2d 50 (App.Div. 2d Dept.1980).

Therefore, I hold that joint debtors may aggregate their $2,400 motor vehicle exemptions in a single vehicle pursuant to New York Debtor & Creditor Law § 282(1).

## THE LAW

### Ownership

■ The ownership issue now must be addressed. The trustee argues that since

---

**1.** This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

**784**

the motor vehicle is titled solely in the name of the wife, she alone may claim an exemption. The trustee is correct. Exclusive title in the wife precludes the husband from claiming a motor vehicle exemption.

■■ In determining property rights in estate assets, the bankruptcy Court looks to state law. *Nobelman v. American Savings Bank,* —— U.S. ——, 113 S.Ct. 2106, 2108, 124 L.Ed.2d 228 (1994). Under New York law, the husband's claim to an equitable interest in the vehicle merely as a result of being married to his wife is without basis. *Leibowits v. Leibowits,* 93 A.D.2d 535, 462 N.Y.S.2d 469 (2nd Dept.1983) (O'Connor, J., concurring). For more than a century, it has been the law in New York that a married woman may hold property in her own name and for her own account "free from control of her husband." *Coleman v. Burr,* 93 N.Y. 17, 24 (1883). Indeed, similar arguments have been rejected by other courts in this circuit. *Goldberg v. Hilsen (In re Hilsen),* 119 B.R. 435 (S.D.N.Y.1990); *Cooper v. Frederes (In re Frederes),* 141 B.R. 289 (Bankr.W.D.N.Y. 1992); *In re Greenwald,* 134 B.R. 729 (Bankr.S.D.N.Y.1991).

Section 522(1) of the Code provides that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(1). The trustee argues that this Court should read section 522(1) as implying a requirement that the debtor have an ownership interest in the property claimed as exempt.

There is no other logical reading of that section. The theory underlying the entire bankruptcy scheme is that debtors be able to deal with their own property and debts, not property of others. Without such an interpretation, debtors would be free to claim exemptions for property to which they have no ownership nexus. Such a result both flies in the face of reason and is contrary to the principals embodied in the Code.

Indeed, to accept the debtors' theory would create an anomalous situation whereby a husband could place property in the name of his wife to keep it beyond the reach of his creditors and then reclaim it for bankruptcy exemption purposes, again putting it beyond the reach of his creditors. That could not have been the intention of either Congress or the New York State Legislature.

■ The Bankruptcy Court is a court of equity charged with balancing the interests of debtors and their creditors. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). To permit an untitled spouse to assert an exemption in a titled spouse's asset, to the detriment of their creditors, fails the olfactory test. To quote the 7th Circuit Court of Appeals, it strikes me "... as wrong with the force of a five-week old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir.1988), *cert. denied,* 493 U.S. 847, 110 S.Ct. 141, 107 L.Ed.2d 100 (1989).

### DECISION

The trustee's objection is sustained. Only the wife may claim an exemption for the vehicle.

SETTLE ORDER IN ACCORDANCE WITH THE FOREGOING.